UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.

BERWIND PROPERTY GROUP, INC. )
and NEWTON INVESTORS LIMITED )
PARTNERSHIP, )
    Plaintiffs, )
     )
v. )
     )
ENVIRONMENTAL MANAGEMENT )
GROUP, INC. d/b/a EMG, )
    Defendant. )

04 11411 NMG

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 6/22/04

## NOTICE OF REMOVAL

The defendant, Environmental Management Group, Inc. d/b/a EMG (hereinafter "EMG"), hereby petitions this Court that the above-entitled action, now pending against it in Suffolk County Superior Court, Civil Action No. 04-1005BLS2, be removed therefrom to this Court under 28 U.S.C. §1331. In support of this notice, the defendant states as follows:

1. On or about June 3, 2004, the defendant, EMG, was served with a copy of the summons and complaint (attached as Exhibit 1).

2. This is a civil action in which the plaintiffs claim, in substance, that building inspection services were not properly performed by the defendant.

3. Diversity of citizenship exists among all of the parties.

4. Following removal to this Court, the defendant intends to seek dismissal based principally upon a choice of law, jurisdiction, and venue provision set forth in the contract between the defendant and the plaintiff for which services were performed, and removal to this Court is with express reservation of right to seek such dismissal.

936076v1

Within thirty (30) days of the filing of this Notice of Removal, the defendant shall file certified or attested copies of all records and proceedings in the Suffolk Superior Court, and a certified or attested copy of all docket entries in the Suffolk Superior Court pursuant to L.R. 81.8 of this Court.

Respectfully submitted,

ENVIRONMENTAL MANAGEMENT GROUP, INC.
d/b/a EMG
By its Attorneys,

MORRISON, MAHONEY & MILLER, LLP

_____
Steven J. Bolotin, BBO#564085
250 Summer Street
Boston, MA 02210
(617) 439-7500

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 6/22/04.

2

936076v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Berwind Property Group, Inc. v. Environmental Management Group, Inc. d/b/a EMG**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
    - [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
      740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.              for patent, trademark or copyright cases
    - [✓] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
      315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
      380, 385, 450, 891.
    - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
      690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [✓]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Steven J. Bolotin, Esq.
ADDRESS  Morrison, Mahoney & Miller, LLP, 250 Summer Street, Boston, MA 02210
TELEPHONE NO.  617-439-7500

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Berwind Property Group, Inc.
and Newton Investors Limited Partnership

(b) County of Residence of First Listed Plaintiff **Philadelphia, PA**
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
Environmental Management Group, Inc.
d/b/a EMG

County of Residence of First Listed **Baltimore, MD**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Eric F. Eisenberg, Esq. (617) 345-9000
Hinckley, Allen & Snyder, LLP
28 State Street, Boston, MA 02109-1775

Attorneys (If Known)
Steven J. Bolotin, Esq. (617) 439-7500
Morrison, Mahoney & Miller, LLP
250 Summer Street, Boston, MA 02210

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS —Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sec. 1441

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 800,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 6/22/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                   SUPERIOR COURT DEPARTMENT
                                               CIVIL ACTION NO. 04-1005 BLS2
                                               (JUDGE BOTSFORD)

BERWIND PROPERTY GROUP, INC. and )
NEWTON INVESTORS LIMITED         )
PARTNERSHIP,                     )
                                 )
Plaintiffs,                      )
                                 )
v.                               )
                                 )
ENVIRONMENTAL MANAGEMENT GROUP,  )
INC. d/b/a EMG,                  )
                                 )
Defendant.                       )



RECEIVED MAY 28 2004 SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CIVIL BUSINESS

## FIRST AMENDED COMPLAINT AND JURY DEMAND

### INTRODUCTION

Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership (collectively, "Berwind") bring this action against Defendant Environmental Management Group, Inc. d/b/a EMG ("EMG") as a result of Defendant's gross negligence, negligence, negligent misrepresentations, breach of contract, fraud in the inducement, and violation of M.G.L. c. 93A in connection with the negotiation and execution of, and EMG's work pursuant to, an agreement entered into by EMG and Berwind Property Group, Inc. for professional services performed in Massachusetts.

### PARTIES

1.  Plaintiff Berwind Property Group, Inc. was the buyer under the purchase and sale agreement for the property located at 1210-1230 Washington Street, Newton, Massachusetts (the

"Property"), and has its usual place of business at 1500 Market Street, 3000 Center Square West, Philadelphia, Pennsylvania. Pursuant to the purchase and sale agreement, Berwind Property Group, Inc. created an entity, Plaintiff Newton Investors Limited Partnership, to take control and ownership of the Property. Plaintiff Newton Investors Limited Partnership is a Pennsylvania limited partnership with its principal place of business at 770 Township Line Road, Suite 150, Yardley, Pennsylvania, and is authorized to do business in Massachusetts.

2. Defendant Environmental Management Group, Inc. d/b/a EMG is a Maryland corporation which has its principal place of business at 11011 McCormick Road, Baltimore, Maryland and is registered to do business in Massachusetts.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to M.G.L. c. 223A, § 3(b) because the Defendant contracted to supply services within the Commonwealth of Massachusetts; and under M.G.L. c. 223A, § 3(e) because the Plaintiffs have an interest in real property within the Commonwealth of Massachusetts.

4. Venue is proper because the property on which EMG performed work and which is the subject of this lawsuit is located in Newton, Middlesex County, Massachusetts, the loss occurred there, and this action meets the criteria necessary for assignment to the Business Litigation Session.

## FACTS

5. EMG represented to Berwind that a qualified, licensed, and professional engineer would inspect and evaluate the Property and perform any necessary engineering services per the parties' agreement.

#447623

2

6. Berwind entered into a contract with EMG on or about March 17, 1999 (the "Contract") by which EMG agreed to perform certain engineering services for Berwind in exchange for the value of the Contract, $9,300.

7. Pursuant to the terms of the Contract, EMG was to perform a Phase I Environmental Site Assessment and an Enhanced Property Condition Evaluation (the "Services").

8. Among other things, EMG's Services included visiting the Property to observe and evaluate the general condition of the building and site improvements, providing a full evaluation of the Property and improvements and structural systems, identifying those components on the Property that exhibited deferred maintenance issues, and providing estimates for future maintenance costs of the Property.

9. The Contract further provided that EMG would perform said Services in accordance with industry-accepted due diligence practice and using that degree of care and skill ordinarily exercised under similar conditions by reputable members of EMG's profession practicing in the same or similar locality at the time of service.

10. When it entered into the Contract, EMG knew that Berwind was hiring EMG to assist Berwind with its due diligence activities for its acquisition of the Property.

11. In or around March 1999, EMG visited the Property, inspected the parking garage located on the Property, interviewed personnel at the Property, and reviewed a number of documents related to the Property.

12. On or about April 6, 1999, EMG provided Berwind with a Property Condition Evaluation report (the "Report").

13. Although EMG's Report identified a number of existing and potential problems with the Property, EMG's Report failed to mention that there were significant structural problems and waterproofing deficiencies in the parking garage located on the Property.

14. Berwind has since learned that other engineers who had examined the Property prior to EMG had readily observed that the parking garage exhibited significant and obvious structural problems and waterproofing deficiencies.

15. Based on EMG's representations in its Report, Berwind decided to purchase the Property.

16. Had Berwind known that the parking garage suffered from significant structural problems and waterproofing deficiencies, it would not have purchased the Property for $11.7 million as it did, or it would have purchased the Property for a lower price, taking into account the additional costs of repairing the parking garage.

17. Further, after Berwind purchased the Property, Berwind based the on-going repair and maintenance of the parking garage on EMG's representations in its Report.

18. On or after April 10, 2001, Berwind became aware that the parking garage structure and waterproofing required hundreds of thousands of dollars of necessary repairs.

19. Berwind has since learned that EMG employee who performed the engineering services pursuant to the terms of the Contract failed to disclose to was a *mechanical* engineer and unqualified to perform a complete structural and waterproofing inspection and evaluation of the parking garage as required by the terms of the Contract.

## COUNT I
## NEGLIGENCE AND GROSS NEGLIGENCE

20. Berwind realleges and incorporates by reference the allegations of Paragraphs 1 through 19 above as though fully set forth herein.

#447623

4

21. EMG owed a duty to Berwind to perform its work in accordance with industry-accepted due diligence and using that degree of care and skill ordinarily exercised under similar conditions by licensed, reputable engineers.

22. EMG breached its duty of reasonable care owed to Berwind and performed its inspection and report of the parking garage with reckless and wanton disregard of its duties owed to Berwind, thereby exposing Berwind to unwarranted risk.

23. EMG's negligence, and reckless and wanton breach of its duties to Berwind, directly, proximately, and foreseeably caused damage to Berwind in an amount in excess of $800,000.

## COUNT II
## NEGLIGENT AND GROSSLY NEGLIGENT MISREPRESENTATION

24. Berwind realleges and incorporates by reference the allegations of Paragraphs 1 through 23 above as though fully set forth herein.

25. In its Report, EMG negligently and with willful and reckless disregard for their truth or falsity made false statements to Berwind regarding the structural and waterproofing condition of the parking garage.

26. Berwind reasonably relied upon EMG's false statements when it decided to and did purchase the Property.

27. EMG's negligent and grossly negligent misrepresentations directly, proximately and foreseeably caused damage to Berwind in an amount in excess of $800,000.

## COUNT III
## BREACH OF CONTRACT

28. Berwind realleges and incorporates by reference the allegations of Paragraphs 1 through 27 above as though fully set forth herein.

29. For good and valuable consideration, Berwind entered into a written Contract with EMG by which EMG was to provide certain engineering services to Berwind.

30. Pursuant to the terms of the Contract, EMG was to observe and evaluate the general condition of the Property, provide a full description and evaluation of the Property and structural systems, identify those components on the Property that exhibited deferred maintenance issues, and provide estimates for future maintenance costs of the Property. Further, EMG was contractually obligated to perform it work in accordance with industry-accepted due diligence practice and using that degree of care and skill ordinarily exercised by licensed, reputable engineers under similar conditions.

31. EMG failed to observe, fully describe, identify, and/or estimate the cost of repairing the structural problems and waterproofing deficiencies in the parking garage which engineers using that degree of care and skill ordinarily exercised by licensed, reputable engineers under similar conditions would have easily identified.

32. EMG's breach of duties that it owed to Berwind under the Contract has caused and continues to cause damage to Berwind in an amount in excess of $800,000.

## COUNT IV
## FRAUD IN THE INDUCEMENT

33. Berwind realleges and incorporates by reference the allegations of Paragraphs 1 through 32 above as though fully set forth herein.

34. EMG represented to Berwind that a qualified, licensed, professional engineer would inspect and evaluate the Property and perform engineering services pursuant to the terms of the Contract.

35. EMG purposefully failed to disclose and/or falsely represented to Berwind that EMG's representative who performed the engineering services pursuant to the terms of the

Contract was a *mechanical* engineer and unqualified to perform a complete structural and waterproofing inspection and evaluation of the parking garage as required by the terms of the Contract.

36. Berwind reasonably relied upon EMG's willful non-disclosure and/or false representation of this material fact in deciding to enter into the Contract with EMG which contains, among other things, purported limitations on the amount which Berwind may recover from EMG as a result of EMG's professional negligence or breach of contract.

37. EMG's fraudulent inducement of Berwind to enter into the Contract with EMG directly, proximately and forseeably caused damage to Berwind in an amount in excess of $800,000.

## COUNT V
### M.G.L.A. c. 93A

38. Berwind realleges and incorporates by reference the allegations of Paragraphs 1 through 37 above as though fully set forth herein.

39. EMG is engaged in trade or commerce as such terms have been defined by, and construed under, Mass. Gen. Laws c. 93A, §§ 1, 2 and 11.

40. The acts and conduct of EMG as set forth above constitute unfair and deceptive acts and practices within the meaning of Mass. Gen. Laws c. 93A, §§ 2 and 11.

41. The unfair and deceptive acts and practices of EMG occurred primarily and substantially within the Commonwealth of Massachusetts.

42. EMG's use and employment of such unfair and deceptive acts and practices has adversely affected Berwind in that it has caused, and will have the effect of causing, Berwind to suffer a foreseeable loss of money and property.

43. EMG's use and employment of such unfair and deceptive acts and practices was willful and knowing and has caused Berwind to suffer foreseeable monetary losses, thereby entitling Berwind to multiple damages, costs and attorneys' fees pursuant to Mass. Gen. Laws c. 93A.

WHEREFORE, Berwind Property Group, Inc. demands that this Court:

1. Enter judgment against EMG on Plaintiffs' claims of negligence and gross negligence, negligent and grossly negligent misrepresentation, breach of contract, and fraud in the inducement in an amount in excess of $800,000, together with interest thereon and costs;

2. Award Plaintiffs treble damages and attorneys' fees pursuant to Massachusetts General Laws, Chapter 93A; and

3. Award such other further relief as this Court deems proper and just.

### JURY DEMAND

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP,**

By its attorneys,

_____
Eric F. Eisenberg, Esq. (BBO No. 544682)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

Dated: May 28, 2004