UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-11411-NMG

| | |
|---|---|
| BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP, <br>　　　　Plaintiffs, <br><br> v. <br><br> ENVIRONMENTAL MANAGEMENT GROUP, INC. d/b/a EMG, <br>　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) |

**ANSWER AND JURY DEMAND OF DEFENDANT
ENVIRONMENTAL MANAGEMENT GROUP, INC. d/b/a EMG
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

NOW COMES defendant, Environmental Management Group, Inc. d/b/a EMG ("EMG"), and, in answer to the plaintiffs' First Amended Complaint states as follows:

FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff has failed to state a cause of action in its complaint for which relief can be granted. Federal Rules of Civil Procedure 12(b)(6).

SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG responds, paragraph by paragraph, to the allegations set forth in the First Amended Complaint as follows:

Introduction

The allegations set forth in this paragraph of the plaintiffs' First Amended Complaint are characterizations of the plaintiffs' action, and thus no response is required. To the extent a response is deemed necessary, and to the extent this paragraph of the plaintiffs' First Amended

939871v1

Complaint is deemed to allege negligent or improper conduct on the part of EMG or a right to recovery by the plaintiffs, the allegations are denied.

Parties

1. EMG has insufficient information to form a belief as to the truth of the allegations set forth in this paragraph of the plaintiffs' First Amended Complaint.

2. EMG admits that it is a Maryland corporation with a principal place of business in Baltimore, Maryland. EMG denies the remaining allegations set forth in this paragraph of the plaintiffs' First Amended Complaint.

Jurisdiction and Venue

3. The allegations set forth in this paragraph of the plaintiffs' First Amended Complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, denied.

4. The allegations set forth in this paragraph of the plaintiffs' First Amended Complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, denied.

Facts

5. The agreement referenced in this paragraph of the plaintiffs' First Amended Complaint, being a written instrument, speaks for itself, and thus no response is required. Further responding, EMG denies that it made any representation, undertook any obligation, entered into any agreement, or incurred any liability beyond the terms of the written agreement between EMG and Berwind Property Group, Inc. ("Berwind").

6. EMG admits that on or about March 17, 1999, it entered into an agreement with Berwind to perform certain services as set forth under the terms of a written contract. The

contract, being a written instrument, speaks for itself. EMG denies any characterization of the terms of the contract beyond those expressly stated therein.

7. The contract referenced in this paragraph of the plaintiffs' First Amended Complaint, being a written instrument, speaks for itself, and thus no response is required. To the extent a response is deemed necessary, EMG rejects and denies any characterization of the contract beyond its express terms.

8. The contract referenced in this paragraph of the plaintiffs' First Amended Complaint, being a written instrument, speaks for itself, and thus no response is required. To the extent a response is deemed necessary, EMG rejects and denies any characterization of the contract beyond its express terms.

9. The contract referenced in this paragraph of the plaintiffs' First Amended Complaint, being a written instrument, speaks for itself, and thus no response is required. To the extent a response is deemed necessary, EMG rejects and denies any characterization of the contract beyond its express terms.

10. EMG admits that when it agreed to perform services for Berwind, it knew that Berwind was intending to purchase the property EMG was to inspect. EMG denies the remaining allegations set forth in this paragraph of the plaintiffs' First Amended Complaint.

11. Admitted.

12. Admitted.

13. The report identified in this paragraph of the plaintiffs' First Amended Complaint, being a written instrument, speaks for itself, and thus no response is required. To the extent a response is deemed necessary, EMG rejects and denies any characterization of the report beyond its actual contents.

14. EMG has insufficient information to form a belief as to the truth of the allegations set forth in this paragraph of the plaintiffs' First Amended Complaint, and, demanding strict proof at trial, thus denies the same.

15. EMG has insufficient information to form a belief as to the truth of the allegations set forth in this paragraph of the plaintiffs' First Amended Complaint, and, demanding strict proof at trial, thus denies the same.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

## COUNT I
## NEGLIGENCE AND GROSS NEGLIGENCE

20. EMG repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 19 as if fully set forth herein.

21. The allegations set forth in this paragraph of the plaintiffs' First Amended Complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, EMG denies that it is liable to Berwind for any claims arising out of its performance of services for Berwind.

22. Denied.

23. Denied.

## COUNT II
## NEGLIGENT AND GROSSLY NEGLIGENT MISREPRESENTATION

24. EMG repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 23 as if fully set forth herein.

939871v1

25. Denied.

26. Denied.

27. Denied.

## COUNT III
## BREACH OF CONTRACT

28. EMG repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 27 as if fully set forth herein.

29. The contract referenced in this paragraph of the plaintiffs' First Amended Complaint, being a written instrument, speaks for itself, and thus no response is required.

30. The contract referenced in this paragraph of the plaintiffs' First Amended Complaint, being a written instrument, speaks for itself, and thus no response is required.

31. Denied.

32. Denied.

## COUNT IV
## FRAUD IN THE INDUCEMENT

33. The defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 32 as if fully set forth herein.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT V
## M.G.L.A. c. 93A

38. The defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 37 as if fully set forth herein.

39. The allegations set forth in this paragraph of the plaintiffs' First Amended Complaint are conclusions of law to which no response is required.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

WHEREFORE, EMG respectfully requests that this Court 1) dismiss the plaintiffs' First Amended Complaint against it and enter judgment in EMG's favor; and 2) award EMG its costs, attorney's fees, and such other relief as this Court deems just and appropriate.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG says that the action is barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG says that the negligence of the plaintiffs was greater than the alleged negligence of EMG and that such negligence of the plaintiffs contributed to their alleged injury and, therefore, the plaintiffs are barred from recovery.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG says that the plaintiffs were guilty of contributory negligence and that the damages, if any, recovered by the plaintiffs from EMG should be reduced in proportion to the said negligence of the plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG says that the plaintiffs, by their conduct and actions and/or the conduct and actions of their agents and servants, are estopped to recover any judgment against EMG.

## SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG says that the plaintiffs have, by their actions and/or by the conduct and actions of their agents and servants, waived any and all rights they may have had against EMG, and, therefore, the plaintiffs cannot recover in this action.

## EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG states that the plaintiffs' alleged injuries or damages were caused in whole or in part by the negligence of the plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG says that no act or omission by it was a proximate cause of damages, if any, allegedly sustained by the plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG says that the plaintiffs breached the terms and conditions of the agreement or contract alleged in the plaintiffs' first amended complaint and that, therefore, the plaintiffs cannot recover.

## ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG says that the plaintiffs are not entitled to any recovery under G.L. c. 93A for the reason that the transaction and actions set out in the plaintiffs' first amended complaint are permitted under laws as administered by the regulatory board or office acting under statutory authority of the Commonwealth of Massachusetts.

## TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the complaint fails to state a claim against EMG upon which relief can be granted in that the plaintiffs are not entitled to recovery under G.L. c. 93A.

## THIRTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG says that if EMG committed the acts complained of, which EMG denies, EMG was lawfully authorized to do so or had good reason to believe it was authorized to do so and is thus, not liable for multiple damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG says that EMG has no contractual agreement or other relationship with plaintiff Newton Investors Limited Partnership ("Newton"), and thus cannot be liable to that entity.

## FIFTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG says that under its agreement with Berwind, Berwind cannot assign any rights, services, or materials provided by EMG without EMG's written authorizations, which was not given. As such, EMG cannot be liable to Newton under any such assignment.

## SIXTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG says that as Berwind has assigned its interest in the property for which EMG was retained to perform services, Berwind has incurred no compensable harm as a result of the allegations contained in its complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG says that the contract between Berwind and EMG is governed by Maryland law, and a s such G.L. c. 93A does not apply.

939871v1

## EIGHTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG says that the plaintiffs were negligent, and as such, under Maryland law which is applicable to this claim, the plaintiffs are barred from recovery.

## NINETEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, EMG says that by the express agreement of the parties, EMG's total liability to the plaintiffs is limited to $50,000. plaintiffs contributed to their alleged injury and, therefore, the plaintiffs are barred from recovery.

EMG DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,

ENVIRONMENTAL MANAGEMENT GROUP, INC.
d/b/a EMG
By its Attorneys,

MORRISON MAHONEY LLP


/s/sbolotin
Steven J. Bolotin, BBO#564085
250 Summer Street
Boston, MA  02210
(617) 439-7500

939871v1