UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT -1  P 3:32

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP, <br><br>Plaintiffs, <br><br>v. <br><br>ENVIRONMENTAL MANAGEMENT GROUP, INC. d/b/a EMG, <br><br>Defendant. | DOCKET NO. 04-11411-NMG |

## PROPOSED JOINT STATEMENT

Pursuant to Local Rule 16.1 and the Court's Notice of Scheduling Conference, Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership (collectively, "Berwind") and Defendant Environmental Management Group, Inc. d/b/a EMG ("EMG") submit this statement and pre-trial schedule, including a proposed plan for discovery.

### I.  DISCOVERY PLAN

1. The parties agree that the scope of discovery in this matter shall conform to the requirements of Fed. R. Civ. P. 26(b).

2. The parties agree to limit discovery to 270 days from the date of the initial scheduling conference.

3. The parties agree that discovery in this case shall be conducted in two (2) phases of 135 days each. The first phase of discovery shall be limited to developing

1

information needed for a realistic assessment of the case and, if the case does not terminate, the second phase shall be directed at information needed to prepare for trial.

4. <u>Phase I</u> of discovery shall run from the date of the initial scheduling conference (October 7, 2004) through 135 days from that date (February 21, 2005). During <u>Phase I</u> of discovery, the parties shall exchange and respond to discovery requests under the applicable Rules and as follows:

- Initial Disclosures shall be served within thirty (30) days from the date of the initial scheduling conference (on or before November 8, 2004);

- Initial Requests for Production of Documents shall be served on or before thirty (30) days preceding the close of Phase I of discovery (on or before January 21, 2005), and the parties shall have thirty (30) days to respond;

- Interrogatories, limited to twenty-five (25) per party, shall be served on or before thirty (30) days preceding the close of Phase I discovery (on or before January 21, 2005), and the parties shall have thirty (30) days to respond; and

- Any request to enter upon the premises at issue shall be served on or before thirty (30) days preceding the close of Phase I discovery (on or before January 21, 2005).

In addition, during Phase I of discovery, the parties may serve upon the Keeper of Records of any non-party a Notice of Subpoena Duces Tecum. Further, during Phase I of discovery, unless good cause is shown, each party may notice and conduct depositions of no more than five (5) fact witnesses, not including the parties' respective depositions of

2

Keepers of Records. Each deposition of a fact witness shall not exceed one (1) day unless good cause is shown.

5. If this case does not otherwise terminate, Phase II discovery shall commence immediately following Phase I discovery on February 22, 2005 and run for 135 days until July 5, 2005. During Phase II of discovery, the parties shall engage in expert discovery, including:

- Exchanging expert disclosures and reports on or before forty-five (45) days before the close of discovery (on or before May 20, 2005); and
- Noticing expert depositions so as to be completed on or before the close of discovery.

6. The parties agree that they may each notice additional discovery pursuant to the applicable Rules, subject to the limits set forth herein, but shall attempt to minimize repetitive discovery requests by informal cooperation.

7. The parties agree that they shall exchange pretrial disclosures as ordered by the Court after the Court renders its decision(s) on any outstanding dispositive motion(s).

8. The parties agree that, in the event that there is a need for good cause shown to alter or amend these deadlines and/or discovery limitations, the parties shall attempt in good faith to resolve the issue informally before seeking relief from the Court. If the parties are unable to resolve discovery issues informally, they reserve their rights to file the appropriate motion with the Court seeking relief.

9. The parties agree that the failure to identify a particular form or method of discovery herein does not preclude the use of such discovery, for example, Requests for Admissions.

## II.  MOTIONS SCHEDULE

1.  The parties agree that they shall file with the Court all motions pursuant to Fed. R. Civ. P. 14 on or before thirty (30) days from the date of the initial scheduling conference (on or before November 6, 2004).

2.  The parties agree that all dispositive motions must be filed with the Court on or before forty-five days (45) after the close of Phase II of discovery (on or before August 19, 2005).

## III.  ADDITIONAL MATTERS

The parties have discussed the possibility of mediation, as well as trial by magistrate judge. Although the parties have not reached agreement on either subject, they will continue to confer regarding the same.

| Respectfully submitted, | |
|---|---|
| **BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP,** | **ENVIRONMENTAL MANAGEMENT GROUP, INC. d/b/a EMG,** |
| By their attorneys, | By its attorneys, |
| *[signature]* | *[signature]* |
| Eric F. Eisenberg, Esq. (BBO No. 544682)<br>Hinckley, Allen & Snyder LLP<br>28 State Street<br>Boston, MA 02109-1775<br>(617) 345-9000 | Steven J. Bolotin, Esq. (BBO No. 564085)<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02210<br>(617) 439-7500 |
| DATED: September ____, 2004 | DATED: September 28, 2004 |

4