UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>ENVIRONMENTAL MANAGEMENT GROUP, INC. d/b/a EMG,<br><br>Defendant. | DOCKET NO.<br>04-11411-NMG |

**PLAINTIFFS' MOTION TO COMPEL FURTHER RULE 30(b)(6) DEPOSITION TESTIMONY FROM DEFENDANT AND FOR AN AWARD OF COSTS**

Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership hereby move for entry of an Order, pursuant to Fed. R. Civ. P. and Local Rule 37.1, compelling Defendant Environmental Management Group, Inc. d/b/a EMG ("EMG") to provide further deposition testimony pursuant to a Rule 30(b)(6) deposition notice served on EMG on or about March 3, 2005, or, in the alternative, prohibiting EMG from introducing into evidence any testimony other than the testimony which was elicited during the first portion of the 30(b)(6) deposition of EMG, which occurred on March 29, 2005, and from calling as witnesses at trial any present or former employees other than Patrick Jarosinski. Berwind also seeks its costs in taking the deposition of EMG's Rule 30(b)(6) designee in Baltimore, Maryland, and its attorneys' fees and costs incurred in preparing and, if necessary, arguing this motion.

IN SUPPORT OF THIS MOTION, Berwind states as follows:

1. On March 3, 2005, Berwind's counsel served a deposition notice and subpoena, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Deposition Notice"), on EMG's counsel. This notice scheduled a Rule 30(b)(6) deposition for March 29, 2005.

2. The Deposition Notice required EMG to designate a witness prepared and competent to testify with respect to specific topics (the "Topics of Inquiry") listed on Schedule A of the Deposition Notice.

3. EMG designated Patrick Jarosinski as its Rule 30(b)(6) deponent and produced him for deposition on March 29, 2005.

4. Despite the requirements of the Rule 30(b)(6), Mr. Jarosinski failed to conduct the requisite search for facts, documents and information reasonably available to EMG. As the deposition transcript clearly indicates, Mr. Jarosinski had no knowledge regarding most of the Topics of Inquiry and made no effort to become educated or to obtain information reasonably available to the corporation. With the exception of speaking to EMG's counsel and to one employee of EMG regarding the fact of the deposition, Mr. Jarosinski neglected to undertake any substantive preparation of any type whatsoever.

5. EMG's representative, Mr. Jarosinski, failed to conduct the requisite search for facts, documents and information reasonably available to EMG.

6. EMG's Counsel, in fact, argued at the deposition that "there is no obligation for [EMG] to start doing additional research…," and that he had produced "a witness who's able to speak as best as anyone can without doing specific research.

7. In the absence of the requested relief, EMG will have been able to successfully frustrate Berwind's efforts to obtain discoverable information by simply refusing to carry out its obligations under Fed. R. Civ. P. 30(b)(6).

In further support for this Motion, Berwind relies on, and incorporates herein by reference, the attached Memorandum of Law and the Affidavit of Lauren Timoney Upton In Support of Plaintiffs' Motion to Compel Further Rule 30(b)(6) Deposition Testimony from Defendant and for an Award of Costs. Proposed orders are attached hereto for the Court's convenience.

**WHEREFORE,** Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership respectfully request that this Court enter an order:

(i) Compelling EMG to conduct a diligent search for facts, witnesses, documents and information relating or likely to lead to the discovery of admissible evidence in this lawsuit; to make a further Rule 30(b)(6) designee available to provide full, complete, and binding testimony within ten days of the date of this Order; to submit an affidavit signed by its designated Rule 30(b)(6) witness setting forth each and every action taken to prepare for the reconvened deposition; and to serve the aforedescribed affidavit seven days prior to the date on which the deposition shall be reconvened; or, in the alternative

(ii) Precluding EMG from offering evidence or testimony tending to supplement or amplify the testimony that was provided by Mr. Jarosinski on March 29, 2005, with respect to the areas of inquiry set forth in Schedule A to the 30(b)(6) Deposition Subpoena served on EMG; binding and limiting EMG to the testimony that was provided by Mr. Jarosinski on March 29, 2005, with respect to the areas of inquiry set forth in Schedule A to the 30(b)(6) Deposition Subpoena served on EMG; and precluding EMG from calling as witnesses at trial any present or former employees other than Patrick Jarosinski, Sandra Terepka or Michael Collins; and

(iii)   Awarding Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership their reasonable costs incurred in taking the deposition of Mr. Jarosinski in Baltimore, Maryland, and in preparing and, if necessary, arguing the instant Motion.

Respectfully submitted,

**BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP**

By their attorneys,

_____
Eric F. Eisenberg, Esq.
BBO No. 544682
Lauren Timoney Upton, Esq.
BBO No. 565122
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109
(617) 345-9000

## CERTIFICATE OF SERVICE

I, Lauren Timoney Upton, hereby certify that on this 13th day of May, 2005, I served a true and accurate copy of the foregoing Motion to Compel Further Rule 30(b)(6) Deposition Testimony from Defendant and for an Award of Costs upon counsel for Defendant Environmental Management Group, Inc. d/b/a EMG.

_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>ENVIRONMENTAL MANAGEMENT GROUP, INC. d/b/a EMG,<br><br>Defendant. | DOCKET NO.<br>04-11411-NMG |

## ORDER

This matter came before the Court, and Plaintiffs' Motion to Compel Further Rule 30(b)(6) Testimony from Defendant having been heard, it is hereby ORDERED and ADJUDGED:

1. Defendant Environmental Management Group, Inc. d/b/a EMG is precluded from offering evidence or testimony tending to supplement or amplify the testimony that was provided by Patrick Jarosinski on March 29, 2005, with respect to the areas of inquiry set forth in Schedule A to the 30(b)(6) Deposition Subpoena served on EMG;

2. Defendant Environmental Management Group, Inc. d/b/a EMG is bound by and limited to the testimony that was provided by Patrick Jarosinski on March 29, 2005, with respect to the areas of inquiry set forth in Schedule A to the 30(b)(6) Deposition Subpoena served on EMG;

3. Defendant Environmental Management Group, Inc. d/b/a EMG is precluded from calling as witnesses at trial any present or former employees other than Patrick Jarosinski, Sandra Terepka and Michael Collins; and

4. Defendant Environmental Management Group, Inc. d/b/a EMG shall compensate Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership for their costs incurred in prosecuting their Motion to Compel Further Rule 30(b)(6) Testimony from Defendant and in taking the deposition of Patrick Jarosinski in Baltimore, Maryland in an amount to be determined after hearing.

_____, J.

DATED:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>ENVIRONMENTAL MANAGEMENT GROUP, INC. d/b/a EMG,<br><br>Defendant. | DOCKET NO.<br>04-11411-NMG |

## ORDER

This matter came before the Court, and Plaintiffs' Motion to Compel Further Rule 30(b)(6) Testimony from Defendant having been heard, it is hereby ORDERED and ADJUDGED:

1.   Defendant Environmental Management Group, Inc. d/b/a EMG shall conduct a diligent search for all facts, witnesses, documents and information relating to or likely to lead to the discovery of admissible evidence in this lawsuit;

2.   Defendant Environmental Management Group, Inc. d/b/a EMG shall make a further Rule 30(b)(6) designee available to provide full, complete, and binding testimony within ten (10) days of the date of this Order;

3.   Defendant Environmental Management Group, Inc. d/b/a EMG shall submit an affidavit signed by its designated Rule 30(b)(6) witness setting forth each and every action taken to prepare for the reconvened deposition;

9

4.    Defendant Environmental Management Group, Inc. d/b/a EMG shall serve the aforedescribed affidavit seven days prior to the date on which the deposition shall be reconvened; and

5.    Defendant Environmental Management Group, Inc. d/b/a EMG shall compensate Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership for their costs incurred in prosecuting their Motion to Compel Further Rule 30(b)(6) Testimony from Defendant and in taking the deposition of Patrick Jarosinski in Baltimore, Maryland in an amount to be determined after hearing.

_____
, J.

DATED: