UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>ENVIRONMENTAL MANAGEMENT GROUP, INC. d/b/a EMG,<br><br>Defendant. | DOCKET NO.<br>04-11411-NMG |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER RULE 30(b)(6) DEPOSITION TESTIMONY FROM DEFENDANT AND FOR AN AWARD OF COSTS**

Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership (collectively, "Berwind"), pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1, hereby move to compel Defendant Environmental Management Group, Inc. d/b/a EMG ("EMG") to produce a 30(b)(6) designee to provide testimony relevant to core issues in this case. Berwind alleges, *inter alia*, that EMG knowingly and willfully misrepresented the scope of work it would perform and the qualifications of the person who would perform the work at the time it induced Berwind to enter into a contract with EMG by which EMG agreed to perform a property condition evaluation of certain improvements to real property in Newton, Massachusetts, and that EMG was grossly negligent in the performance of those services. In response to Berwind's Rule 30(b)(6) deposition subpoena, however, EMG failed to produce a designee capable of testifying with regard to a number of the specified areas of inquiry, including, *inter alia*:

(1) communications between Berwind and EMG relating to the Contract; (2) actions or activities undertaken/conducted by EMG in its analysis and evaluation of the buildings that were the subject of the Contract; (3) EMG's prior experience in the evaluation of reinforced concrete parking structures in the three years prior to the Contract; and (4) the education, experience, and qualifications of EMG personnel who performed the Services (the "Topics of Inquiry"). Moreover, the reason for EMG's inability to answer these questions was not a lack of knowledge after due and reasonable inquiry, but was instead the result of EMG's failure and refusal to carry out its obligations under Rule 30(b)(6).

  As grounds for this Motion, Berwind states that it is reasonably believed that EMG has information relating to the aforementioned Topics of Inquiry that is relevant to the subject matter of the pending action, and that such information is reasonably calculated to lead to the further discovery of admissible evidence within the meaning of Rule 26 of the Federal Rules of Civil Procedure. All of the Topics of Inquiry are directly relevant with regard to whether EMG knowingly and willfully misrepresented the scope of work it would perform and the qualifications of the person who would perform the work at the time it induced Berwind to enter into the Contract.

  As additional grounds, Berwind states that EMG has failed to show that the deposition subpoena served on EMG was either unreasonable or oppressive. EMG has purportedly designated and produced "the person most knowledgeable" about certain designated topics, however, the witness was unable to answer the most basic of questions concerning the Topics of Inquiry, on the grounds that efforts to obtain the information would be unduly burdensome or that the information was, according to EMG"s counsel, "irrelevant." Having failed to demonstrate (by affidavit or otherwise) that it will suffer annoyance, oppression, or undue

#528600                                        2

expense, or that it will suffer any other undue burden as a result of being deposed, EMG must be compelled to produce a 30(b)(6) designee for deposition capable of responding to all denominated topics. Moreover, EMG's egregious failure to comply with the requirements of Rule 30(b)(6) in complying with the deposition subpoena requires that this Court order EMG to pay Berwind's fees and costs incurred in taking the deposition of EMG's 30(b)(6) designee and in preparing, and if necessary arguing, this Motion to Compel.

### FACTUAL AND PROCEDURAL BACKGROUND

On or about March 17, 1999, Berwind was induced to enter into a contract with EMG (the "Contract") by which EMG agreed to perform a Phase I Environmental Site Assessment and an Enhanced Property Condition Evaluation (the "Services") of the buildings located at 1210-1230 Washington Street in Newton, Massachusetts (the "Property"). The Contract provided that EMG would perform said Services in accordance with industry-accepted due diligence practice and using that degree of care and skill ordinarily exercised under similar conditions by reputable members of EMG's profession practicing in the same or similar locality at the time of service. EMG further represented to Berwind that a *qualified* professional engineer would inspect and evaluate the Property and perform any necessary engineering services per the parties' agreement.

In or around March 1999, EMG employee Sandra Terepka visited the Property, and inspected the improvements on the Property. Ms. Terepka was the only EMG employee to visit and inspect the parking garage located on the Property (the "Garage"). Ms. Terepka was not a structural engineer, nor had Ms. Terepka ever received any meaningful training in structural engineering. Ms. Terepka failed to observe and/or appreciate the significance of open and obvious structural and waterproofing deficiencies in the Garage. Berwind has since learned that other engineers who had performed a visual inspection of the Property *prior* to EMG had readily

observed that the Garage exhibited significant, open and obvious structural problems and waterproofing deficiencies. The repair and remediation of those open and obvious structural problems and waterproofing deficiencies have caused Berwind to incur post-purchase costs in excess of $900,000.00.

On or about March 3, 2005, Berwind's counsel served a deposition notice and subpoena, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Deposition Notice"), on EMG's counsel. This notice scheduled a Rule 30(b)(6) deposition for March 29, 2005, and required EMG to designate a witness prepared and competent to testify with respect to specific topics listed on Schedule A of the Deposition Notice (the "Topics of Inquiry"). True and accurate copies of the Notice of Rule 30(b)(6) deposition of EMG is attached as Exhibit 1 to the Affidavit of Lauren Timoney Upton filed herewith. The Topics of Inquiry identified by Berwind included, in pertinent part: (1) all communications between BMG and EMG concerning performance of the Services; (2) all actions or activities undertaken/conducted by EMG in its analysis and evaluation of the Garage; (3) all structural analyses and evaluations that EMG performed on reinforced concrete parking structures between 1996 and 1999; and (4) the education, experience, and qualifications of EMG personnel who performed the Services. From examination of EMG's 30(b)(6) designee, EMG hoped to determine, *inter alia*: (1) the basis on which EMG personnel was chosen to perform the Services; (2) the extent to which EMG had notice of the inadequacy of the experience of the personnel who performed the Services; and (3) the extent to which EMG was aware of facts that contradicted the anticipated testimony of Berwind's witnesses.

EMG designated Patrick Jarosinski as its sole Rule 30(b)(6) deponent and produced him for deposition on March 29, 2005. See E-mails from Steven Bolotin, Esq., counsel for EMG, to

#528600                                    4

Lauren Upton, Esq., counsel for Berwind, dated March 1, 2005 and March 22, 2005, true and accurate copies of which are attached as Exhibit 2 to the Upton Affidavit. As the deposition transcript clearly indicates, Mr. Jarosinski had no knowledge regarding most of the Topics of Inquiry and, moreover, had made no effort to become educated or to obtain information reasonably available to the corporation. More specifically, in response to questions from Berwind's counsel regarding the extent of Mr. Jarosinski's preparation for his deposition, Mr. Jarosinski stated that, with the exception of speaking with EMG's in-house counsel and defense counsel, reviewing EMG's master file, speaking with one employee strictly to instruct that the EMG master file be obtained from storage and with one other employee strictly to confirm that the EMG file contained a complete version of the Contract,[1] he had neglected to undertake any preparation of any type whatsoever. See Excerpts from the 3/29/05 Deposition Transcript of Patrick Jarosinski, a true and accurate copy of which is attached to the Upton Affidavit as Exhibit 3 at pp. 20-28.

When further questioning by Berwind's counsel revealed that Mr. Jarosinski, with the limited exceptions noted above, had not prepared himself to testify, Berwind's counsel noted that Mr. Jarosinski did not appear to have conducted the diligent inquiry required of a Rule 30(b)(6) designee, and stated that she would reserve the right to suspend the deposition and reconvene at a time when either Mr. Jarosinski or such other person designated by EMG had conducted the requisite inquiry to enable EMG's 30(b)(6) designee to provide full and complete testimony. See Upton Affidavit, Exhibit 3 at pp. 46-47. Counsel for EMG objected to any suspension, and argued that:

> We're not required to create information nor are we required to go and do

---

[1] Mr. Jarosinski initially testified that he had not spoken to any employees at EMG in preparation for his deposition, and only acknowledged having the above-referenced limited conversations with the two EMG employees after additional questioning. (See Upton Affidavit, Exhibit 3 at p. 20.)

#528600                                    5

<u>an overly diligent search to respond to things that we don't think are relevant</u>. See Upton Affidavit, Exhibit 3 at pp. 47-48. EMG's counsel later reiterated his position that "there is no obligation for them to start doing additional research…," and that he had produced "a witness who's able to speak as best as anyone can <u>without doing specific research</u>." See Upton Affidavit, Exhibit 3 at pp. 91-93.

Although Mr. Jarosinski had not performed the requisite inquiry, as his counsel *de facto* acknowledged, Berwind's counsel attempted to depose Mr. Jarosinski on the Topics of Inquiry as thoroughly as possible in light of Mr. Jarosinski's inadequate preparation. As the deposition transcript clearly indicates, however, Mr. Jarosinski had no knowledge regarding the facts and circumstances relating to numerous Topics of Inquiry. Specifically, Mr. Jarosinski testified repeatedly that he had no knowledge relating to the negotiation of the Contract (Upton Affidavit, Exhibit 3 at pp. 70-74, 77-78, 82-83, 85, 171-172, 175, 182); communications between EMG and Berwind concerning the Contract (Upton Affidavit, Exhibit 3 at pp. 77-78, 85, 166); activities undertaken/conducted by EMG in its analysis and evaluation of the Property and the Garage (Upton Affidavit, Exhibit 3 at pp. 118, 123-124, 149-150, 167); EMG's prior experience in the evaluation of reinforced concrete parking structures in the three years prior to the Contract (Upton Affidavit, Exhibit 3 at pp. 42-43, 45-46); the education, experience, and qualifications of EMG personnel who worked on the Project; or the basis for the selection of Ms. Terepka for performance of the Services (Upton Affidavit, Exhibit 3 at pp. 42-43, 80, 82-83, 90-91, 112-114, 179-180). In addition, Mr. Jarosinski acknowledged that there were other persons at EMG who might have more knowledge relating to the Topics of Inquiry and that there were other documents (not reviewed by Mr. Jarosinski nor produced by EMG) that contained relevant, requested information. See, e.g., Upton Affidavit, Exhibit 3 at pp. 82-83, 101.

At no time did EMG file a Motion, timely or otherwise, pursuant to Fed. R. Civ. P. 45(c)(3)(A) to quash or modify the subpoena.

On May 12, 2005, Berwind's counsel conferred with EMG's counsel by telephone in a good faith attempt to narrow areas of disagreement with respect to the instant discovery dispute. More specifically, Berwind's counsel attempted resolve the parties' dispute concerning EMG's contention that its 30(b)(6) deponent did not have to become educated or to obtain information reasonably available to the corporation. Despite counsels' attempts to narrow the area of dispute, the parties were unable to reach an agreement or resolve this discovery dispute.

## ARGUMENT

### I. Rule 30(b)(6) of the Federal Rules of Civil Procedure Mandates that EMG Produce a Knowledgeable Designee for Deposition.

Rule 30(b)(6) of the Federal Rules of Civil Procedure requires the individual or individuals designated by an organization to testify as to all matters known or reasonably available to the organization. The Rule is intended to enable a party to obtain discovery from an entity without having to schedule individual depositions of every manager or employee who had dealings in the matter, or who may have knowledge of the facts at issue. See Fed. R. Civ. P. 30(b)(6), Advisory Committee Notes (noting that the purpose of the Rule is to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn" but disclaim knowledge of the facts that are clearly known to someone in the organization and thereby to the corporation). See Cates v. LTV Aerospace Corp., 480 F.2d 620, 623 (5th Cir. 1973)).

The requirement imposed by Rule 30(b)(6) requires the deponent organization "[t]o make a conscientious good faith endeavor to designate persons having knowledge of the matters sought … and to prepare these persons in order that they can answer fully, completely,

unevasively, the questions posed…." <u>Mitsui and Co., Inc. v. Peurto Rico Water Resources Authority</u>, 93 F.R.D. 62, 66-67 (D.P.R. 1981). As one Federal court has noted,

> One of the self-evident propositions respecting the effective implementation of the provisions of [Federal] Rule of Civil Procedure 30(b)(6) is found in the plain language of the Rule: The persons so designated shall testify as to matters known or reasonably available to the organization. If the rule is to promote effective discovery regarding corporations, the spokesperson must be informed.

<u>Protective National Insurance Company of Omaha v. Commonwealth Insurance Co.</u>, 137 F.R.D. 267, 278 (D. Neb. 1989). "The corporation then must not only produce [its designated 30(b)(6) deponents], but more importantly, <u>prepare them so that they may give complete, knowledgeable, and binding answers on the corporation</u>." <u>Marker Union Fidelity Life Ins. Co.</u>, 125 F.R.D. 121, 126 (D.N.C. 1989)(emphasis added). Moreover, Federal courts have explicitly rejected the argument made by EMG's counsel during Mr. Jarosinski's deposition that EMG had "no obligation [to do] any additional research." <u>See</u>, e.g., <u>FDIC v. Butcher</u>, 116 F.R.D. 196, 201 (E.D.Tenn 1986)(Court explicitly rejected a statement by FDIC's counsel that "Rule 30(b)(6) does not require [FDIC] to do any 'new work' in preparing its Rule 30(b)(6) deponents" as an improper strategy and a violation of FDIC's "duty to prepare its 30(b)(6) witnesses to speak for the corporation on all discoverable information and to give full, complete and unevasive answers." ).

It is incumbent upon an organization to prepare its 30(b)(6) deponent(s) so that they are able to provide requested testimony. This obligation goes beyond a mere review of the materials conveniently at hand, and requires a deponent to reasonably inquire for the purposes of becoming informed of all knowledge reasonably available to the corporation regarding the listed topics. In <u>Resolution Trust Corp. v. Southern Union Co.</u>, 985 F.2d 196, 197 (5th Cir. 1993), the

Court held that sanctions were properly imposed on a party which failed to designated a 30(b)(6) deponent with knowledge of the requested areas. The Court noted,

> When a corporation ... designates a person to testify on its behalf, the corporation appears vicariously through that agent. If the agent is not knowledgeable about relevant facts and the principle has failed to designate an available, knowledgeable and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.

Id.

As the conduct of EMG's 30(b)(6) designee clearly illustrates, EMG has utilized a discovery strategy that subverts important policy considerations supporting Rule 30(b)(6) by failing to provide testimony with respect to the topics set forth in Schedule A to the deposition subpoena. EMG designated Mr. Jarosinski as its sole 30(b)(6) designee, but when Mr. Jarosinski appeared, he repeatedly stated that he did not know the answers to the most basic of questions posed to him concerning, *inter alia*: (1) communications between Berwind and EMG relating to the Contract; (2) actions or activities undertaken/conducted by EMG in its analysis and evaluation of the buildings that were the subject of the Contract; (3) EMG's prior experience in the evaluation of reinforced concrete parking structures in the three years prior to the Contract; and (4) the education, experience, and qualifications of EMG personnel who performed the Services. Moreover, he acknowledged that there were other persons employed by EMG who would have greater knowledge.

As a result of the unjustified failure and refusal of EMG to provide competent testimony as to the facts known to the corporation, Berwind remains unsure whether additional factual information reasonably available to EMG might not have been identified at the 30(b)(6) deposition, but might nevertheless be offered as evidence by EMG at trial. Clearly, EMG has resisted providing Rule 30(b)(6) deposition testimony in order to provide itself with just such an

opportunity. By failing and refusing to testify as to information known or reasonably knowable to EMG, EMG has reserved for itself the right to introduce additional information at trial, without having to provide that information to the plaintiffs. EMG has frustrated, and acted in contravention of, the underlying principles of the discovery rules by refusing to allow its Rule 30(b)(6) designee to testify as to clearly relevant areas of inquiry. Accordingly, EMG must be compelled to produce a Rule 30(b)(6) designee to testify as to the categories of inquiry that are the subject of this Motion.

## II.  EMG Must Provide a Designee to Testify On All Subjects Set Forth in Schedule A to the Rule 30(b)(6) Deposition Subpoenas Served On EMG Because the Information Sought Is Relevant and May Lead to the Discovery of Admissible Evidence.

Berwind believes that testimony concerning the areas of inquiry set forth in Schedule A to the deposition subpoenas served on EMG may lead to the discovery of admissible evidence that is related to claims and defenses in the action at bar. Fed. R. Civ. P. 26(b)(1). Although EMG's counsel argued during Mr. Jarosinski's deposition that some information sought in the Topics of Inquiry is irrelevant, his argument is absurd. As an initial matter, the areas of inquiry at issue are limited and explicit in seeking information that is directly related to: (1) communications between Berwind and EMG relating to the Contract; (2) actions or activities undertaken/conducted by EMG in its analysis and evaluation of the buildings that were the subject of the Contract; (3) EMG's prior experience in the evaluation of reinforced concrete parking structures in the three years prior to the Contract; and (4) the education, experience, and qualifications of EMG personnel who performed the Services. In addition, EMG's counsel's assertion that certain topics were "irrelevant" is not a determination that EMG can unilaterally make. Where, as here, the parties are in dispute as to whether EMG knowingly and willfully misrepresented the scope of work it would perform and whether the EMG personnel assigned to

perform the Services were qualified to perform that work, as required by the Contract, Berwind must be permitted discovery of all information relevant to the these issues.

### III. EMG Must Provide Testimonial Evidence Because It Has Failed to Establish Grounds Meriting a Protective Order Pursuant to F.R.C.P. 26(b)(1) and Has Otherwise Failed to Move to Quash or Modify the Subpoena Pursuant to F.R.C.P. 45(C)(3)(A).

EMG has failed to establish, pursuant to Fed. R. Civ. P. 26(b)(1), that it will suffer annoyance, oppression, undue expense, or any other undue burden should these depositions go forward. Although EMG's counsel alleged during the course of Mr. Jarosinski's deposition that he did not "think its reasonable" to require EMG to perform the requisite reasonable inquiry relating to the Topics of Inquiry (see, e.g., Upton Aff., Exhibit 3 at p. 46), EMG has failed to otherwise demonstrate this alleged burden. No affidavit or other evidence of undue expense or burden has been filed, nor has EMG made any other supportable representation as to why it is refusing to allow its 30(b)(6) witness to research issues raised in the instant action. Given that EMG has not identified any particularized burden greater than that encountered by any other deponent, EMG has failed to demonstrate that it is entitled to a protective order, pursuant to Rule 26(c), barring its testimony at deposition.

Moreover, had EMG believed that it was entitled to respite from Berwind's subpoena, Fed. R. Civ. P. 45(c)(3)(A) provided EMG with recourse. EMG failed, however, to file a motion pursuant to Fed. R. Civ. P. 45(c)(3)(A), and has otherwise failed to demonstrate that it need not respond to Berwind's deposition inquiry. Accordingly, EMG cannot, at this juncture, refuse to provide a witness capable of responding to Berwind's relevant deposition inquiries.

### IV. EMG's Conduct Warrants the Imposition of Sanctions.

It has been noted that "[s]anctions are appropriate when a party fails to comply with a request under Rule 30(b)(6) to produce knowledgeable deponents to testify on behalf of the

organization. Thomas v. Hoffman-Laroche, Inc., 126 F.R.D. 522, 524 (N.D. Miss. 1989). Further, "[a] party may be sanctioned for disregarding the obligations imposed by the discovery rules even without a direct violation of court order." Id.; Guidry v. Continental Oil Co., 640 F.2d 523, 533 (5th Cir. 1981). See also Fed. R. Civ. P. 37(a)(3) and Fed. R. Civ. P. 37(a)(4).

In the present action, EMG has failed and refused to provide a 30(b)(6) designee capable of testifying on behalf of EMG concerning numerous relevant areas of inquiry, including, *inter alia*: (1) communications between Berwind and EMG relating to the Contract; (2) actions or activities undertaken/conducted by EMG in its analysis and evaluation of the buildings that were the subject of the Contract; (3) EMG's prior experience in the evaluation of reinforced concrete parking structures in the three years prior to the Contract; and (4) the education, experience, and qualifications of EMG personnel who performed the Services. In an attempt to determine whether additional witnesses or facts are known to EMG which might contradict Berwind's facts and witnesses, Berwind has attempted to take EMG's deposition through the testimony of its 30(b)(6) designee. By producing a designee to provide limited testimony based on personal knowledge after what was a cursory review of some available information and documentation, and without interviewing available witnesses and reviewing all available documents, EMG has deliberately attempted to avoid providing testimony which would indicate the extent of its knowledge of relevant facts. Such a refusal to provide a proper 30(b)(6) deponent is in direct contravention of Rule 30(b)(6). It deprives Berwind of a legitimate discovery device through which to determine the extent to which EMG has in its possession facts relevant to this action.

The strength of any sanction under Rule 37 must be proportionate to the degree and effect of a party's defiance of the discovery process and orders of the Court. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites, 456 U.S. 694 (1982); In re Agent Orange Product

Liability Litigation, 611 F. Supp. 1285, 1294 (E.D.N.Y. 1985). EMG's failure to provide adequate Rule 30(b)(6) testimony has caused Berwind to suffer extreme delay in its discovery of relevant and admissible evidence in this case, and has forced Berwind to incur additional expenses and expend large amounts of attorney time attempting to develop factual information that EMG has otherwise refused to provide. EMG's unjustified failure to provide a 30(b)(6) witness capable of answering Berwind's relevant deposition questions clearly warrants an order requiring them to pay Berwind's costs in relation to the taking of the Rule 30(b)(6) deposition in Baltimore, Maryland and the costs of preparing and, if necessary, arguing this Motion.

## CONCLUSION

To date, EMG has failed to produce any witness who can testify as to numerous relevant areas of inquiry, including, *inter alia*: (1) communications between Berwind and EMG relating to the Contract; (2) actions or activities undertaken/conducted by EMG in its analysis and evaluation of the buildings that were the subject of the Contract; (3) EMG's prior experience in the evaluation of reinforced concrete parking structures in the three years prior to the Contract; and (4) the education, experience, and qualifications of EMG personnel who performed the Services. Because these issues are central to this litigation, this Court should compel EMG to (1) conduct a diligent search for facts, witnesses, documents and information relating to the or likely to lead to the discovery of admissible evidence in this lawsuit; (2) produce a Rule 30(b)(6) designee capable of providing full, complete, and binding testimony within ten days of the date of this order; (3) submit an affidavit signed by its designated Rule 30(b)(6) witness setting forth each and every action taken to prepare for the reconvened deposition; and (4) serve the aforedescribed affidavit seven days prior to the date on which the deposition shall be reconvened.

In addition, Berwind is entitled to their reasonable fees and costs incurred in taking the Rule 30(b)(6) deposition of Mr. Jarosinski in Baltimore, Maryland, and in preparing and, if necessary, arguing, this Motion, which was made necessary by EMG's failure to produce a competent knowledgeable 30(b)(6) designee. EMG's conduct has consisted of a campaign of delay and misrepresentation leading up to this Motion—conduct that runs counter to the philosophy underlying the discovery rules.

**WHEREFORE**, Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership respectfully request that this Court order Defendant Environmental Management Group, Inc. d/b/a EMG:

(i) Compelling EMG to conduct a diligent search for facts, witnesses, documents and information relating or likely to lead to the discovery of admissible evidence in this lawsuit; to make a further Rule 30(b)(6) designee available to provide full, complete, and binding testimony within ten days of the date of this Order; to submit an affidavit signed by its designated Rule 30(b)(6) witness setting forth each and every action taken to prepare for the reconvened deposition; and to serve the aforedescribed affidavit seven days prior to the date on which the deposition shall be reconvened; or, in the alternative

(ii) Precluding EMG from offering evidence or testimony tending to supplement or amplify the testimony that was provided by Mr. Jarosinski on March 29, 2005, with respect to the areas of inquiry set forth in Schedule A to the 30(b)(6) Deposition Subpoena served on EMG; binding and limiting EMG to the testimony that was provided by Mr. Jarosinski on March 29, 2005, with respect to the areas of inquiry set forth in Schedule A to the 30(b)(6) Deposition

Subpoena served on EMG; and precluding EMG from calling as witnesses at trial any present or former employees other than Patrick Jarosinski, Sandra Terepka or Michael Collins; and

  (iii) Awarding Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership their reasonable costs incurred in taking the deposition of Mr. Jarosinski in Baltimore, Maryland, and in preparing and, if necessary, arguing the instant Motion.

Respectfully submitted,

**BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP**

By their attorneys,

/s/ Eric F. Eisenberg
Eric F. Eisenberg, Esq.
BBO No. 544682
Lauren Timoney Upton, Esq.
BBO No. 565122
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000

## CERTIFICATE OF SERVICE

I, Lauren Timoney Upton, hereby certify that on this 13th day of May, 2005, I served a true and accurate copy of the foregoing Motion to Compel Further Rule 30(b)(6) Deposition Testimony from Defendant and for an Award of Costs upon counsel for Defendant Environmental Management Group, Inc. d/b/a EMG.

_____