AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

DISTRICT OF __Massachusetts__

Berwind Property Group, Inc. and
Newton Investors Limited
Partnership
v.
Environmental Management Group,
Inc. d/b/a EMG

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:
04-11411-NMG

TO: Environmental Management Group, Inc.
11011 McCormack Road
Baltimore, MD 21031

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| DLA Piper Rudnick Gary Cary US LLP<br>6225 Smith Avenue, Baltimore, Maryland | March 30, 2005 at 10:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

in the attached Schedules.

| PLACE | DATE AND TIME |
|---|---|
| DLA Piper Rudnick Gary Cary US LLP<br>6225 Smith Avenue, Baltimore, Maryland | March 30, 2005 at 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  Attorney for Plaintiff | 3/3/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BERWIND PROPERTY GROUP, INC. and <br> NEWTON INVESTORS LIMITED <br> PARTNERSHIP, <br><br> Plaintiffs, <br><br> v. <br><br> ENVIRONMENTAL MANAGEMENT GROUP, <br> INC. d/b/a EMG, <br><br> Defendant. | DOCKET NO. 04-11411-NMG |

TO: Steven J. Bolotin, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

### NOTICE OF 30(b)(6) DEPOSITION OF ENVIRONMENTAL MANAGEMENT GROUP, INC.

Please take notice that at 10 a.m. on March 30, 2005, at the offices of DLA Piper Rudnick Gray Cary US LLP, 6225 Smith Avenue, Baltimore, Maryland, Berwind Property Group, Inc. and Newton Investors Limited Partnership, by and through their attorneys, will take the deposition of Environmental Management Group, Inc., pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, before a Notary Public, or before some other officer authorized by law to administer oath.

Pursuant to Fed. R. Civ. P. Rule 30(b)(6), it is requested that the deponent designate one or more officers, directors or managing agents or other persons to testify on its behalf. Pursuant to the rules, the areas of examination will include but not be limited to, and the person or persons

designated to appear for the deposition shall have knowledge of and be competent and prepared to testify with respect to, the matters set forth in Schedule A attached hereto. The deponent is also required to bring the documents set forth in Schedule B attached hereto.

You are invited to attend and cross-examine.

BERWIND PROPERTY GROUP, INC.
and NEWTON INVESTORS
LIMITED PARTNERSHIP,

By its attorneys,

Dated: March 3, 2005

Eric F. Eisenberg, Esq.
BBO No. 544682
Lauren Timoney Upton, Esq.
BBO No. 565122
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000

#516088v2                                  2

## CERTIFICATE OF SERVICE

  I, Lauren Timoney Upton, Esq., hereby certify that on the date set forth above, I caused notice of the foregoing to be served upon all parties/counsel of record in the above-captioned matter.

_____
Lauren Timoney Upton, Esq.

#516088v2    3

## SCHEDULE A

## DEFINITIONS

A.  The term "BMG" means any and all employees, agents, officers, attorneys or persons associated with Berwind Property Group, Inc. and/or Newton Investors Limited Partnership.

B.  The term "EMG" means any and all employees, agents, officers, attorneys or persons associated with Defendant Environmental Management Group, Inc. d/b/a EMG.

C.  The term "Contract" shall refer to the Contract entered into between EMG and Berwind on or about March 17, 1999, by which EMG agreed to perform certain engineering services for Berwind, as more specifically set forth in the March 2, 1999 EMG Proposal No. 199933776.

D.  The term "Property" shall refer to the property located at 1210-1230 Washington Street, Newton, Massachusetts.

E.  The term "Parking Garage" shall refer to the parking structure located on the Property.

F.  The term "Project" shall refer to the analysis and evaluation of the Property and the Parking Garage to be performed by EMG pursuant to the Contract.

## AREAS OF INQUIRY

1.  All contracts or other agreements by and between BMG and EMG, and any and all modifications, cancellations, or other alterations to each such contract or agreement.

2.  Any and all communications, discussions, disputes, disagreements, or differences of opinion between BMG and EMG concerning the Project.

3.  All events or incidents that occurred during the course of EMG's work on the Project which in any way changed or interfered with EMG's ability to work on the Project.

4.  All actions or activities undertaken/conducted by EMG in its analysis and evaluation of the Property and the Parking Garage.

#516088v2                                    4

5. All structural analyses and evaluations that EMG performed on reinforced concrete parking structures between 1996 and 1999.

6. Education, experience, and qualifications of EMG personnel who worked on the Project.

7. The basis for EMG's contention that BMG has failed to state a cause of action for which relief can be granted.

8. The basis for EMG's contention that BMG's cause of action is barred by the statute of limitations.

9. The basis for EMG's contention that BMG was allegedly negligent, and that BMG's alleged negligence was greater than EMG's negligence.

10. The basis for EMG's contention that BMG was guilty of contributory negligence.

11. The basis for EMG's contention that BMG, by their conduct and actions and/or the conduct and actions of their agents and servants, are estopped from recovering any judgment against EMG.

12. The basis for EMG's contention that BMG, by their conduct and actions and/or the conduct and actions of their agents and servants, have waived any and all rights they may have against EMG.

13. The basis for EMG's contention that BMG's damages were allegedly caused in whole or in part by BMG's alleged negligence.

14. The basis for EMG's contention that BMG breached the terms and conditions of the Contract.

15. The basis for EMG's contention that the actions complained of by BMG in the Complaint are permitted under the laws as administered by the regulatory board or office acting

under statutory authority of the Commonwealth of Massachusettts.

16. The basis for EMG's contention that EMG was lawfully authorized to commit the acts complained of in the Complaint, including, *inter alia*, breaching its duty of care and performing the inspection and issuing its report with reckless and wanton disregard of its duties owed to Berwind; negligently and willfully making false statements to BMG regarding the structural and waterproofing condition of the Parking Garage; breaching the Contract; and fraudulently inducing BMG to enter into the Contract by failing to disclose that the engineer who would conduct the Project was a mechanical engineer and not a structural engineer.

17. Information concerning the method of retention and retrieval of documents by EMG, including, *inter alia*, where EMG stores its documents; the identity of the person who looked for each category of documents requested by BMG pursuant to the subpoena *duces tecum* served herewith; the nature of documents found that are responsive to the subpoena duces tecum served herewith; the nature of documents that were not found but of which EMG is aware once existed; and the reason for the unavailability of documents that were not found but of which EMG is aware once existed.

18. Any other matters or issues regarding or relating to the facts alleged in BMG's Complaint and EMG's Answer.

## **SCHEDULE B**

## **DEFINITIONS**

A.   The term "BMG" means any and all employees, agents, officers, attorneys or persons associated with Berwind Property Group, Inc. and/or Newton Investors Limited Partnership.

B.   The term "EMG" means any and all employees, agents, officers, attorneys or persons associated with Defendant Environmental Management Group, Inc. d/b/a EMG.

C.   The term "Contract" shall refer to the Contract entered into between EMG and Berwind on or about March 17, 1999, by which EMG agreed to perform certain engineering services for Berwind, as more specifically set forth in the March 2, 1999 EMG Proposal No. 199933776.

D.   The term "Property" shall refer to the property located at 1210-1230 Washington Street, Newton, Massachusetts.

E.   The term "Parking Garage" shall refer to the parking structure located on the Property.

F.   The term "Project" shall refer to the analysis and evaluation of the Property and the Parking Garage to be performed by EMG pursuant to the Contract.

G.   The term "Documents" shall refer to any printed, written, taped, recorded, graphic, computerized printout, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received, or neither, including, but not limited to, the original, a copy (if the original is not available), and all non-identical copies (whether different from the original because of notes made or are attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, facsimiles, notes, cables, telexes, contracts, proposals, agreements, minutes, books, forecasts or appraisals, papers, records, reports, diaries, statements, questionnaires, schedules, computer programs or data, books of account, calendars, graphs, charts, transcripts or recordings, tapes, photographs, pictures or film, ledgers, registers, worksheets, summaries, digests, financial statements, and all other information or data, records or compilations, including all underlying supporting or preparatory material now in your possession, custody, or control, or available to you, your counsel, accountants, agents, representatives, or associates. "Documents" also includes, but is not limited to, any and all draft or conceptual versions of such documents and any revisions thereto. "Documents" also specifically includes, but is not limited to, any documents kept by individuals in their desks, at home, or elsewhere.

H.   These requests shall apply to the time period from January 1, 1999 to the present.

## DOCUMENTS REQUESTED

1. All documents (including, without limitation, inter- and intra-office correspondence and notes of conversations) which evidence, constitute or reflect communications between Berwind and EMG which refer to, reflect or discuss the Project.

2. All documents (including, without limitation, inter- and intra-office correspondence and notes of conversations) which evidence, constitute or reflect communications between EMG and any other persons, including but not limited to any engineers, or municipal or other governmental officials, which refer to, reflect or discuss the Project.

3. Any and all documents which refer to, reflect or discuss any and all person-to-person conversations, or telephone conversations, by and/or between EMG and any other persons, including but not limited to Berwind, with respect to the Project.

4. All memoranda and notes, internal or otherwise, which refer to, reflect or discuss the Project.

5. Any and all documents which refer to, reflect or discuss any proposals, contracts or other agreements, including specifications, general conditions, special conditions, addenda and/or alterations between Berwind and EMG, concerning the Project.

6. Any and all documents relating to or evidencing all purported amendments, modifications, waivers or alterations purporting to affect any such contract between Berwind and EMG which refer to, reflect or discuss the Project.

7. Any and all documents that refer to, reflect or discuss staffing or proposed staffing of the Project by EMG.

8. Any and all photographs, diagrams, models, or other such documents and things that refer to, reflect or discuss the Project.

9. Any and all meeting minutes, daily reports, diaries, calendars, logs, or other regularly kept records that refer to, reflect or discuss the Project.

10. Any and all reports, memoranda, and other documents which refer to, reflect or discuss visits to or inspections of the Project site.

11. Any and all memoranda, test reports, analyses, or similar documents concerning labor, materials, or services provided by EMG that refer to, reflect or discuss the Project.

12. All documents, including but not limited to correspondence, reports, summaries, notes, and memoranda, which EMG used, reviewed and/or referenced in any way during its evaluation of the Parking Garage.

13. All reports, correspondence, summaries, notes, memoranda, and documents that refer to, reflect, evidence or discuss any testing, taking of measurements, inspection, investigation, review, analysis or evaluation performed as part of EMG's evaluation of the Parking Garage.

14. All manuals, memoranda, directives, policies, procedures, letters, or other forms of written communication directed to, or reference available to, EMG employees, or any other person acting on behalf of EMG, which relate in any way to the performance of the work set forth in the Contract and/or Report, or to the investigation of structures of like character to the Parking Garage at issue in this action, including, but not limited to:

    a. documents reflecting EMG's policies as they existed at the time that EMG performed the work at issue in this action; and

    b. documents reflecting any subsequent changes of these policies.

15. Any documents that constitute, refer to, reflect, evidence or discuss correspondence, proposals or promotional material sent by EMG to Berwind, including but not limited to paper and electronic correspondence, from 1996 through 2000.

16. A complete, legible copy of any and all insurance policies covering EMG's work on the Project, including, but not limited to, all endorsements, amendments, declaration sheets, applications, certificates of insurance, and policy jackets.

17. Any and all records, documents, notes, correspondence, witness statements, or memoranda of any kind which pertain to the events referred to in any pleadings served in this action.

18. Any and all documents that EMG relies on to establish or constitute, or which refer to, reflect or discuss, EMG's Fourth Affirmative Defense.

19. Any and all documents that EMG relies on to establish or constitute, or which refer to, reflect or discuss, EMG's Fifth Affirmative Defense.

20. Any and all documents that EMG relies on to establish or constitute, or which refer to, reflect or discuss, EMG's Sixth Affirmative Defense.

21. Any and all documents that EMG relies on to establish or constitute, or which refer to, reflect or discuss, EMG's Eighth Affirmative Defense.

22. Any and all documents that EMG relies on to establish or constitute, or which refer to, reflect or discuss, EMG's Tenth Affirmative Defense.

23. Any and all documents identified in EMG's response to Berwind's First Set of Interrogatories.

24. Any and all documents and tangible things of whatever kind that EMG intends to introduce at the trial of this action.

25. Any and all records, documents, notes, correspondence, witness statements or memoranda of any kind which pertain to the events referred to in the Complaint and Answer in this matter, including but not limited to all contracts, memoranda, reports, board minutes, invoices, bills of sale, bills of lading, daily reports, log books, diaries, manpower reports, or any other documents, which have not otherwise been produced pursuant to these document production requests.