UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-11411-NMG

| | |
|---|---|
| BERWIND PROPERTY GROUP, INC. | ) |
| and NEWTON INVESTORS LIMITED | ) |
| PARTNERSHIP, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ENVIRONMENTAL MANAGEMENT | ) |
| GROUP, INC. d/b/a EMG, | ) |
|     Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RULE 30(b)(6) DEPOSITION TESTIMONY FROM DEFENDANT AND FOR AN AWARD OF COSTS**

Now comes the defendant, Environmental Management Group, Inc. ("EMG"), and in opposition to the plaintiffs' Motion to Compel Further Rule 30(b)(6) Deposition Testimony after the discovery deadline states as follows:

EMG designated Patrick Jarosinski ("Jarosinski") as a 30(b)(6) witness to provide testimony on eighteen areas of inquiry noted in the 30(b)(6) Notice. Jarosinski not only answered all of the questions presented to him regarding areas identified in the 30(b)(6) based on the best corporate information available to him, but also answered questions outside the scope of the 30(b)(6) notice. Moreover, immediately following Jarosinski's deposition, EMG produced for deposition the only two current employees involved in the project at issue, Michael Collins and Sandra Terepka Hoffman. Among the three witnesses, they responded to all areas of inquiry sought by the plaintiffs. Therefore, the plaintiffs' request to compel additional 30(b)(6) depositions should be denied.

## FACTUAL BACKGROUND

The plaintiffs issued a 30(b)(6) Notice in this matter. The Notice dated February 8, 2005, scheduled the deposition on February 21, 2005. *See* February 8, 2005, 30(b)(6) Notice attached hereto as **Exhibit 1**. The Notice requested eighteen areas of inquiry, including the four Topics of Inquiry at issue in plaintiffs motion.

Rule 30. Depositions Upon Oral Examination

(b) Notice of Examination: General Requirements; Method of Recording; Production of Documents and Things; Deposition of Organization; Deposition by Telephone.

(6) A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

## ARGUMENT

I.  **EMG Designated An Appropriate Witness In Response To The 30(b)(6) Notice Who Testified based Upon Corporate Knowledge Reasonably Available to Him.**

Rule 30(b)(6) requires a corporation to designate one or more officers, directors, managing agents or other consenting persons to testify on its behalf "as to matters known or reasonably available to the corporation." Fed. R. Civ. P. 30(b)(6). However, "a defendant is not required to designated someone with 'personal knowledge' to appear on its behalf at the Rule 30(b)(6) deposition." Reed v. Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000). Rather, the Rule requires only that a corporation prepare a witness with pertinent information reasonably available to it. See Rainey v. American Forest & Paper

2

Ass'n, 26 F. Supp. 2d 82, 94 (D.D.C. 1998). The testimony of Patrick Jarosinski, the 30(b)(6) witness, establishes that EMG fulfilled its legal obligation to produce a witness to testify to matters reasonably available to the corporation.

As identified in EMG's initial disclosure statement in this matter, only two current employees have any personal knowledge regarding the project at issue, Michael Collins and Sandra Terepka Hoffman. EMG Initial Disclosure**, Exhibit 2**. However, there were a number of subjects on which the plaintiffs sought to inquire which neither Mr. Collins nor Ms. Hoffman would be able to testify. Accordingly, EMG designated its Senior Vice President of Operations, Jarosinski, as a 30(b)(6) witness.

If no current employee possess knowledge on a particular subject, the responding party is required to reasonably educate its designee. United States v. Massachusetts Indus. Fin. Agency, 162 F.R.D. 410, 411-12 (D. Mass. 1995). Such preparation appropriately includes having him or her review documents. Prokosch, 193 F.R.D. at 638-39; United States v. J.M. Taylor, 166 F.R.D. 356, 362; Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 37 (D. Mass. 2001). Since Mr. Jarosinski had no personal involvement in the project at issue, as he stated in his deposition, he reviewed the files of EMG related to the transaction at issue. Deposition of Jarosinski, p. 20-21, **Exhibit 3**. And when presented with the appropriate questions, he was fully able to answer questions on those subjects which could not be answered by other witnesses who had personal knowledge to the extent EMG had corporate knowledge of those subjects.

II. **The "Topics of Inquiry" Identified By The Plaintiff Have Already Been Addressed.**

Notwithstanding Mr. Jarosinski's complete testimony, the plaintiffs now assert that EMG allegedly failed to address the (1) communications between Berwind and EMG

3

relating to the Contract; (2) actions or activities undertaken/conducted by EMG in its analysis and evaluation of the buildings that were the subject of the Contract; (3) EMG's prior experience in the evaluation of reinforced concrete parking structures in the three years prior to the Contract; and (4) the education, experience, and qualifications of EMG personnel who performed the Services (the "Topics of Inquiry").  However, a review of all of the testimony shows that these areas have been addressed, to the full extent of EMG's corporate knowledge, by the witnesses presented and under EMG's control.

    A.    **Communications Between Berwind and EMG relating to the Contract.**

Plaintiffs' first assert that Mr. Jarosinski failed to present a 30(b)(6) designee to testify as to "communications between Berwind and EMG relating to the Contract."  See Plaintiffs' Motion To Compel.  However, as both EMG's Initial Disclosure in this case states, and as discussed by Mr. Jarosinski in his deposition, any and all such communications between Berwind and EMG were with a former employee, Matthew Dillis.  Mr. Jarosinski testified as to the meaning of the forms and notes prepared by Mr. Dillis contained in its files, and the procedures that were in place at the time regarding the initiation of such engagements which led to those forms being used.  The only thing which Mr. Jarosinski was unable to testify to was the specific substance of the conversations between Mr. Dillis and EMG's representatives.  The plaintiffs seem to suggest that Mr. Jarosinski's inability to address those communications made him an inadequate 30(b)(6) designee on this topic.

It is undisputed that the plaintiffs were aware of Mr. Dillis prior to bringing this action (through the communications their representatives had with him), and who were also made aware of the role played by Mr. Dillis at the outset of this case by EMG

(through its initial disclosure and document production).  Despite being provided all of this information, the plaintiffs made no effort to depose Mr. Dillis within the discovery deadline.  Having failed to do so, they are now seeking to have this Court require that EMG do that discovery for them.   Specifically, as counsel for the plaintiffs has noted, in preparation for his deposition, Mr. Jarosinski met with both in-house and outside counsel for EMG.  The reason for such meet was, in part, to address the scope of the information available to EMG such that Mr. Jarosinski could fully respond to questions within the scope of the 30(b)(6) deposition notice.  Counsel for the plaintiffs is now seeking to intrude into the investigative work product of counsel for EMG without the requisite showing of need by the plaintiffs.  However, to satisfy this Court that sufficient investigation was done to satisfy EMG's obligations pursuant to its 30(b)(6) deposition designation, counsel for EMG is willing to present to this Court, *in camera*, with an accounting of its investigation on this issue.

> B.   **Actions Or Activities Undertaken/Conducted By EMG In Its Analysis And Evaluation Of The Buildings That Were the Subject Of The Contract.**

Plaintiffs' second area of dispute is its request for testimony regarding actions or activities undertaken/conducted by EMG in its analysis and evaluation of the buildings that are the subject of this litigation.  As noted above, and as disclosed in EMG's Initial Disclosure, Ms. Terepka Hoffman and Mr. Collins were the only two EMG employees who had personal knowledge of EMG's analysis and evaluation of those buildings.  Those individuals were produced for deposition at the same time as Mr. Jarosinski, with EMG bringing Ms. Hoffman from Florida so the depositions could be conducted on consecutive days.

5

There is no question that plaintiffs' counsel had ample opportunity at each deposition to inquire as to each employees personal knowledge regarding EMG's actions or activities undertaken/conducted by EMG in its analysis and evaluation of the buildings at issue. Ms. Hoffman's deposition lasted from 9:06 a.m. to 4:49 p.m., and the transcript of that deposition is 261 pages long, more than half of which address what Ms. Hoffman did at the project site and the basis for the conclusions contained in her report. Similarly, Mr. Collins, whose only involvement was in reviewing and editing Ms. Hoffman's report, was questioned regarding his actions and involvement. As such, the plaintiffs have received the best and most comprehensive testimony available to EMGF regarding this topic of inquiry. And given that Mr. Jarosinski had no personal involvement in the project at issue, and the EMG employees who did have such involvement were produced for deposition, it seems wholly illogical that the plaintiffs are now arguing that Mr. Jarosinski had some obligation to question these individuals himself and report what they said, rather than have their own words at their own depositions speak for themselves.

      **C.**    **EMG's Prior Experience In The Evaluation Of Reinforced Concrete Parking Structures In The Three Years Prior To The Contract.**

The plaintiffs next assert that EMG has failed to provide a 30(b)(6) designee who has information regarding the corporation's prior experience with a certain type of structure. However, as Mr. Jarosinski testified, the corporation does not maintain the type of information sought by the plaintiffs. Specifically, Mr. Jarosinski was questioned at length regarding EMG's ability to determine how many property condition assessments it had performed for the period 1996 through 1999 which involved concrete parking structures:

Q: Can you tell me how many property condition assessments involved a structural analysis of concrete parking structures between 1996 and 1999?
A: Well, we've performed thousands and thousands of reports around the country and I can't tell you specifically what projects we've performed what assessment on.
Q: Is there somebody at EMG who could?
A: Short of looking through every project, we wouldn't know specific scopes of work we performed on individual projects without doing research.
Q: You have no computer database that allows you to type in Boston and property condition assessment and determine how many were performed in the Boston area for a three year period?
A: We can look at the number of projects that we performed a property condition assessment on in the Boston area, yes.
Q: But you yourself can't tell me how many were done between 1996 and 1999.
A: No.
Q: Do you have a computer search capability that you could type in parking garage assessment and determine how many parking garage assessments were done in that time period in that region?
A: No, we don't have a service that's named parking garage assessment.
Q: I understand that you don't have a service, but do you have term search capability?
A: No, not in our database. Data fields, but that's not a data field that we have in our database.
Q: Is there a means by which a staff member can determine if a similar project has been worked on in the past?
A: Define similar project.
Q: For example, if someone is told that they're going to do a property condition evaluation, there's a parking garage involved, they can't do a search on the firm's system to determine whether somebody has done something similar?
A: Again, we've done properties throughout the United States and We've done thousands of them and that's not something that we would actually define in our system as a building with parking garage in terms of one of our data elements.

Deposition of Jarosinski, p. 42-44, **Exhibit 3**.

EMG recognizes that it is the duty of a corporate designee to undertake investigation into the subject matter on which inquiry is sought. However, such duty is not infinite. There is a reason that the Rules and cases impose upon a corporate designee the obligation to view that which is "reasonably" available to the corporation. It would be unreasonable to require EMG to undertake the type of review sought by the plaintiffs in this case.

Mr. Jarosinski advised plaintiffs' counsel as to EMG's inability to obtain the information sought through any form of computer search. Instead, he advised that the only way EMG could obtain the type of information sought would be to review thousands of files, located in archives nationwide, going back 6 to 9 years. The plaintiffs have argued that EMG presented no "affidavit" as to the hardship that would cause. But the hardship as established by description given by Mr. Jarosinski is self-evident. Moreover, the inquiry sought by the plaintiffs is further shown to be unreasonable when compared to the lack of relevance of the information being sought.

The plaintiffs have presented this case in a certain manner in an attempt to avoid application of a mutually agreed limitation of liability clause. As such, they have stated that their claim is that EMG failed to provide a qualified person to perform the assessment in question. Plaintiffs' Motion, p. 3. Given the plaintiffs' claim, the only relevant issue is whether Ms. Terepka Hoffman was qualified to perform the services requested by plaintiff Berwind Property Group and offered by EMG. What other EMG employees may have done for other clients, making other requests in other locations years earlier would provide no guidance on this issue. Therefore, when compared to the hardship which would be imposed on EMG, the inquiry sought by the plaintiff is neither appropriate nor compelled by the Rules.

  D. **The Education, Experience, and Qualifications of EMG Personnel Who Performed the Services.**

The plaintiffs' last "Topic of Inquiry" is the education and training of the employees who were involved in the project. With regard to the training provided by EMG, Mr. Jarosinski testified as to EMG's corporate training practices, periodic training updates, the standards EMG follows, and the report forms used by EMG. Deposition of

Jarosinski, p. 98-111, **Exhibit 3**. Additionally, at his deposition Mr. Jarosinski was asked to provide a list of all of the property condition assessments performed by Ms. Hoffman. That list, marked as Exhibit 12 to the depositions, identified over 420 such assessments, and was provided the next day, permitting plaintiffs' counsel to question Ms. Hoffman about those engagements. **Exhibit 4**. Thereafter, at their respective depositions, both Mr. Collins and Ms. Hoffman testified at their depositions regarding their specific training and education, both prior to and after joining EMG. As the plaintiffs already had the opportunity to question the employees regarding their education, experience, and qualifications, the issues is moot, and this door should be closed, negating further testimony from a 30(b)(6) witness.

## CONCLUSION

Based on the foregoing, the plaintiffs motion to compel further rule 30(b)(6) deposition testimony from the defendant should be denied.

Respectfully submitted,

ENVIRONMENTAL MANAGEMENT
GROUP, INC. d/b/a EMG
By its Attorneys,

MORRISON MAHONEY LLP


/s/sbolotin
Steven J. Bolotin, BBO#564085
250 Summer Street
Boston, MA  02210
(617) 439-7500