UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERWIND PROPERTY GROUP, INC. and <br> NEWTON INVESTORS LIMITED <br> PARTNERSHIP, <br><br> Plaintiffs, <br><br> v. <br><br> ENVIRONMENTAL MANAGEMENT GROUP, <br> INC. d/b/a EMG, <br><br> Defendant. | DOCKET NO. <br> 04-11411-NMG |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL
FURTHER RULE 30(b)(6) DEPOSITION TESTIMONY FROM DEFENDANT
AND FOR AN AWARD OF COSTS**

Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership (collectively, "Berwind") have filed a Motion to Compel Defendant Environmental Management Group, Inc. d/b/a EMG ( "EMG") to produce a Rule 30(b)(6) designee to provide testimony relevant to core issues in this case. EMG has filed an Opposition to the Motion. In order to correct erroneous statements of both law and fact made by EMG in its Opposition, Berwind hereby submits its brief Reply.

**ARGUMENT**

**I.   EMG Has Failed to Designate a Knowledgeable Rule 30(b)(6)
Designee for Deposition.**

As an initial matter, EMG has taken the legally unsupportable position that, because Patrick Jarosinski ("Jarosinski") testified to those Topics of Inquiry about which Sandra Terepka

Hoffman ("Hoffman") and Michael Collins ("Collins") had no personal knowledge, and because Hoffman and Collins testified to their personal knowledge with regard to the remaining topics, EMG has complied with the requirements of Rule 30(b)(6). EMG's argument is premised on the erroneous assumption that the testimony offered by Hoffman and Collins is equivalent to that which would have been provided by a properly prepared Rule 30(b)(6) designee.[1] EMG clearly continues to misconstrue the obligations imposed by Rule 30(b)(6).

Rule 30(b)(6) testimony is different in kind from the testimony of a "mere corporate employee." A Rule 30(b)(6) deposition is a sworn corporate admission that is binding on the corporation. In re: Vitamins Antitrust Litigation, 216 F.R.D. 168, 174 (D.D.C. 2003). See also Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989)("corporation [] most not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation.")(emphasis added). The designated witness is "speaking for the corporation." U.S. v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C. 1996). "The designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions … [and] the corporation must provide its interpretation of documents and events." Id. (internal citations omitted)(emphasis added). The purpose of Rule 30(b)(6) is to prevent a corporation

---

[1] As noted in Plaintiffs' Motion to Compel, Jarosinki was the only person identified as a Rule 30(b)(6) designee by EMG. See E-mails from Steven Bolotin, Esq., counsel for EMG, to Lauren Upton, Esq., counsel for Berwind, dated March 1, 2005 and March 22, 2005, true and accurate copies of which are attached as Exhibit 2 to the Affidavit of Lauren Timoney Upton, filed with Plaintiffs' Motion to Compel. However, EMG now contends that "among the three witnesses, they responded to all areas of inquiry sought by the plaintiffs" (Defendant's Opposition at p. 1), and that "it is wholly illogical that the plaintiffs are now arguing that Mr. Jarosinski had some obligation to question these individuals himself and report what they said, rather than have their own words at their own depositions speak for themselves." Opposition at p. 6. This argument epitomizes EMG's misunderstanding of the issue before the Court.

#533881                                    2

from "select[ing] at trial the most convenient answer presented by a number of finger-pointing witnesses at the depositions." Id.

At no time did EMG indicate that it was designating either Hoffman or Collins as a Rule 30(b)(6) witness. By failing to identify Hoffman and/or Collins as Rule 30(b)(6) designees, and by now alleging that Hoffman and Collins were, in fact, Rule 30(b)(6) designees, EMG is attempting to afford itself the possibility of "select[ing] at trial the most convenient answer presented by a number of finger-pointing witnesses." It is clear that EMG's self-serving position on this issue is designed to frustrate Berwind's legitimate discovery efforts and to deprive Berwind of information supportive of its claims, information which is likely to lead to the discovery of admissible evidence in this case, and information to which Berwind is entitled pursuant to F.R.C.P. 26. Accordingly, in order to prevent an unfair disadvantage to Berwind, Berwind's Motion to Compel must be allowed.

    II.    **Even Assuming, *Arguendo*, That Each of the Witnesses Produced by EMG Was Deemed a Properly Presented Rule 30(b)(6) Designee, Not One of the Witnesses Produced by EMG Was Able to Provide <u>Complete and Knowledgeable Answers in Response to Berwind's Questions</u>.**

        A.    **Jarosinski had no knowledge regarding most of the Topics of Inquiry and had made no effort to become educated or to obtain <u>information reasonably available to EMG</u>.**

EMG also contends that the Topics of Inquiry "have already been addressed, to the full extent of EMG's corporate knowledge, by the witnesses presented and under EMG's control." Opposition at p. 4. As an initial matter, as previously discussed in Plaintiffs' Motion to Compel, Jarosinski had no knowledge regarding most of the Topics of Inquiry and, moreover, had made no effort to become educated or to obtain information reasonably available to the corporation. Jarosinski testified repeatedly that he had no knowledge relating to, *inter alia*, the negotiation of

#533881        3

the Contract (Upton Affidavit, Exhibit 3 at pp. 70-74, 77-78, 82-83, 85, 171-172, 175, 182); communications between EMG and Berwind concerning the Contract (Upton Affidavit, Exhibit 3 at pp. 77-78, 85, 166); or EMG's experience in the evaluation of reinforced concrete parking structures during the three years prior to the execution of the Contract (Upton Affidavit, Exhibit 3 at pp. 42-43, 45-46). EMG now contends that much of this information is in the possession of one former employee, Mr. Matt Dillis, and that it was incumbent upon Berwind to obtain that information from Mr. Dillis.[2] Again, EMG misconstrues its obligations pursuant to Rule 30(b)(6).

Rule 30(b)(6) requires the deponent organization "[t]o make a conscientious good faith endeavor to designate persons having knowledge of the matters sought ... and to prepare these persons in order that they can answer fully, completely, unevasively, the questions posed...." Mitsui and Co., Inc. v. Peurto Rico Water Resources Authority, 93 F.R.D. 62, 66-67 (D.P.R. 1981)(emphasis added). This obligation goes beyond a mere review of the materials conveniently at hand (something which EMG's designee did <u>not</u> do, having failed to review EMG's "Training Records" for Hoffman or Collins, the subject of which was a Topic of Inquiry); it requires the corporation to provide the Rule 30(B)(6) deponent with all information reasonably available to the corporation regarding the listed topics, including information from <u>former</u> employees. See <u>Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Company, Inc.</u>, 201

---

[2] EMG's allegation that "Plaintiffs made no effort to depose Mr. Dillis within the discovery deadline... [and] having failed to do so, they are now seeking to have this Court require that EMG do that discovery for them" (Opposition at p. 5) is disingenuous at best. While Berwind has not yet deposed Mr. Dillis, Berwind did notice Mr. Dillis's deposition prior to the discovery deadline, and EMG's counsel agreed that he would not oppose the taking of that deposition after the discovery deadline. See E-mail from Steven Bolotin, Esq. to Lauren Timoney Upton, Esq. dated April 12, 2005, a true and accurate copy of which is attached as Exhibit 1 to the Second Affidavit of Lauren Timoney Upton, filed herewith. As reflected in Exhibit 1, Berwind, in fact, scheduled Mr. Dillis's deposition within two weeks of the discovery deadline, but EMG's counsel stated that he could not go forward at that time. <u>Id.</u> Counsel for Berwind is attempting to reschedule the deposition of Mr. Dillis.

F.R.D. 33, 37 (D.Mass. 2001) (a corporation is required to prepare its Rule 30(b)(6) designee to the extent the matters are reasonably available, whether from documents, past employees, or other sources.")(emphasis added)(citing Bank of New York v. Meridien BIAO Bank Tanzania, Ltd., 171 F.R.D. 135, 151 (S.D.N.Y. 1997)); United States v. Taylor, 166 F.R.D. at 361 (same); United States v. Massachusetts Indus. Fin. Agency, 162 F.R.D. 410, 412 (D.Mass. 1995) (rejecting corporation's arguments that it was not required under Rule 30(b)(6) to educate its witness about actions taken by former employees of the corporation). Jarosinski testified that he knows that Mr. Dillis is resident in Boston. See Excerpts from the 3/29/05 Deposition Transcript of Patrick Jarosinski, a true and accurate copy of which is attached as Exhibit 2 to the Second Upton Affidavit, at p. 72. Accordingly, EMG could have readily ascertained Mr. Dillis's whereabouts and could have reasonably obtained from Mr. Dillis that information which was responsive to the Rule 30(b)(6) notice that EMG did not otherwise have in its possession. It was, therefore, incumbent upon EMG to attempt to do so pursuant to Rule 30(b)(6), and EMG's failure to attempt to do so is a failure to comply with Rule 30(b)(6).[3]

In addition, Jarosinski testified repeatedly that he had no knowledge relating to activities undertaken/conducted by EMG in its analysis and evaluation of the Property and the Garage

---

[3] EMG also alleges, without any foundation, that Berwind is attempting "to intrude into the investigative work product of counsel for EMG." As an initial matter, it is axiomatic that the work product doctrine does not extend to facts, and, thus, non-privileged facts are freely discoverable. Lugosch v. Congel, 218 F.R.D. 41, 48 (N.D.N.Y. 2003). Moreover, the courts have specifically found that a corporation served with a Rule 30(b)(6) notice "is obligated to produce one or more 30(b)(6) witnesses who [are] thoroughly prepared about the noticed deposition topics with respect to any and all facts known to [the corporation] or its counsel, regardless of whether such facts are memorialized in work product protected documents or reside in the minds of counsel." In re: Vitamins Antitrust Litigation, 216 F.R.D. 168 at 172 (D.D.C. 2003)(emphasis added); Paul Revere Life Ins. Co. v. Jafari, 206 F.R.D. 126, 127 (D.Md. 2002)(ordering party to produce 30(b)(6) witness to testify regarding facts obtained by counsel during discovery). Accordingly, to the extent that EMG's counsel obtained any facts that are responsive to Berwind's Rule 30(b)(6) notice, that information must be conveyed to EMG's Rule 30(b)(6) witness and, in turn, to Berwind.

(Upton Affidavit, Exhibit 3 at pp. 118, 123-124, 149-150, 167); the education, experience, and qualifications of EMG personnel who worked on the Project; or the basis for the selection of Ms. Terepka for performance of the Services (Upton Affidavit, Exhibit 3 at pp. 42-43, 80, 82-83, 90-91, 112-114, 179-180). Much of this information might have been obtained, as EMG now contends, from Hoffman, although Jarosinski did not attempt to speak with Hoffman in preparation for his deposition (see Upton Affidavit, Exhibit 3 at pp. 20-28), and therefore, as discussed above, Berwind has been unable to obtain binding answers from EMG on this subject. Moreover, Jarosinski acknowledged that there were also other persons at EMG who might have more knowledge relating to these Topics of Inquiry to whom he did not speak, and that there were other documents (not reviewed by Jarosinski nor produced by EMG) that contained relevant, requested information.[4] See, e.g., Upton Affidavit, Exhibit 3 at pp. 82-83, 101. This testimony, in addition to Jarosinski's frequent responses of "I don't know," clearly demonstrate that EMG failed to prepare Jarosinski to "fully, completely, [and] unevasively" answer the questions posed by Berwind. Accordingly, in order to prevent an unfair disadvantage to Berwind, Berwind's Motion to Compel must be allowed.

      **B.**    **Hoffman was unable to testify with any specificity concerning the activities undertaken/conducted by EMG in its analysis and evaluation of the Property and the Garage, or concerning her education, experience, and qualifications.**

As discussed in Section I., *supra*, Hoffman was not designated at a Rule 30(b)(6) witness, and, accordingly, her testimony is not binding on the corporation. However, even assuming,

---

[4] For example, while EMG contends that "Jarosinski testified as to EMG's corporate training practices and periodic training updates" (Opposition at p. 8), Jarosinski was also unable to provide any specific information concerning the subjects on which EMG had provided training to Terepka or the dates of that training, despite testifying that EMG maintains "Training Records" for its employees. Upton Affidavit, Exhibit 3 at p. 101; see also Second Upton Affidavit, Exhibit 2 at pp. 187-188.

*arguendo*, that it were, Hoffman was unable to testify with <u>any</u> specificity concerning the actions undertaken by EMG in its analysis of the Property and the Garage; her testimony is replete with responses of "I don't remember" and "I don't recall." <u>See</u>, <u>e.g.</u>, Excerpts from the 3/31/05 Deposition of Sandra Terepka Hoffman, true and accurate copies of which are attached as Exhibit 3 to the Second Upton Affidavit, at pp. 67-68, 72, 74-75, 79, 97-100, 109-111, 115-118, 123-124, 126-130, 133-136, 151, 167-169, 172-174, 178, 182, 184-185, 193-195, 205, 212-219. She, in fact, stated categorically that she cannot describe what she did when she toured the property to perform the evaluation. <u>Id.</u> at p. 169. Similarly, Hoffman was unable to testify with <u>any</u> specificity concerning the training she had received from EMG, including an inability to discuss the subjects on which she had received training or the dates of that training. <u>See</u>, <u>e.g.</u>, Second Upton Affidavit, Exhibit 3 at pp. 247-255.

EMG's gratuitous comments concerning the length of Hoffman's deposition and the gross mischaracterization of her testimony as a "comprehensive" description of "what Ms. Hoffman did at the project site and the basis for the conclusions in her report," do not obviate the fact that Hoffman was unable to answer the most basic questions concerning her training and education, or concerning her work on the Project. Hoffman's frequent responses of "I don't know" and "I don't recall" clearly demonstrate that EMG failed to prepare Hoffman to "fully, completely, [and] unevasively" answer the questions posed by Berwind. Accordingly, in order to prevent an unfair disadvantage to Berwind, Berwind's Motion to Compel must be allowed.

      III.    **EMG Has Failed to Demonstrate That Berwind's Request for Information is Overly Broad, or That the <u>Information Sought is Overly Burdensome to Obtain.</u>**

#533881

7

Finally, EMG argues that some of the information sought, specifically information relating to EMG's prior experience in the evaluation of reinforced concrete parking structures in the three years prior to the Contract, is not relevant and/or overly burdensome to obtain. Opposition, pp. 7-8. Berwind will not revisit here all of the bases of relevance previously set forth in the Motion to Compel, but will briefly respond with respect to the erroneous assumptions, misrepresentations, and errors of law in EMG's Opposition.

As discussed in Berwind's Motion, the information sought is directly relevant to the parties' respective claims and defenses. One of the central issues to the case is whether EMG had the ability to perform the services it was offering or whether EMG fraudulently induced Berwind to enter into the Contract, knowing that it had not previously performed the services offered and/or that it did not have someone trained and qualified to perform those services. Accordingly, information concerning EMG's prior experience in the evaluation of reinforced concrete parking structures is wholly relevant to this case.

In an attempt to justify its failure to prepare its witness, EMG blatantly misrepresents the actual existence of certain of the requested information: contrary to EMG's representation that Jarosinski "testified [that] the corporation does not maintain the information sought by the plaintiffs" (Opposition at p. 6), Jarosinski testified that the information could be obtained with some research.[5] See Second Upton Affidavit, Exhibit 2 at pp. 42-43, 45-46, 90-91, 172, 180-181.

---

[5] In just one of several attempts to mislead the Court, EMG alleges that Jarosinski "advised that the only way EMG could obtain the type of information sought would be to review thousands of files, located in archives nationwide, going back six to nine years." Opposition at p. 8. In point of fact, when asked if EMG could determine how many property condition assessments had been performed in the Boston area in a three year period, Jarosinski testified that EMG could determine "the number of projects that we performed a property condition assessment on in the Boston area, yes." See Second Upton Affidavit, Exhibit 2 at p. 43. Apparently EMG is now asking the Court to believe that it is so devoid of effective management or technology that it cannot produce a Rule 30(b)(6) designee capable of obtaining information for a discrete period of time in a discrete location, despite the attestations of its own witness.

Its foregoing representation notwithstanding, EMG tacitly acknowledges that the information is, in fact, obtainable, but then argues the burden of obtaining those information outweighs the probative value of the information. However, the mere fact that the documents or files containing the information may be voluminous and that the review of those documents/files would be burdensome does not release a corporation from its obligations under Rule 30(b)(6). Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Company, Inc., 201 F.R.D. at 37; Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D.Minn. 2000).

Moreover, EMG has failed to establish, pursuant to F.R.C.P. 26(b)(1), that it will suffer the undue burden alleged, other than the representation of counsel that it will require many hours to research and compile the information sought. EMG failed to file a motion for a protective order prior to the deposition, and failed to file any affidavit or other evidence demonstrating undue burden with EMG's Opposition. Moreover, EMG has made no other supportable representation as to why it has failed to prepare its Rule 30(b)(6) witness. A party objecting to a request on the grounds of undue burden must show that the request is overly broad or burdensome by submitting or offering affidavits to show the nature of the burden. Chubb Integrated Systems, Ltd. v. Nat'l Bank of Wash., 103 F.R.D. 52, 59-60 (D.D.C. 1984); cf. Fonesca v. Regan, 98 F.R.D. 694, 700 (E.D.N.Y. 1983), rev'd on other grounds, 734 F.2d 944 (2d Cir. 1984) (where the court held that a party resisting discovery has the burden of explaining and supporting its objections). Unless EMG makes such a showing, which it has not done either initially or in response to this Motion, the Court may conclude that EMG will not be unduly burdened. Accordingly, in order to prevent an unfair disadvantage to Berwind, Berwind's Motion to Compel must be allowed.

## CONCLUSION

EMG has failed to rebut Berwind's showing that it is entitled to the information sought pursuant to the Rule 30(b)(6) Notices of Deposition of EMG. EMG's failure to produce a Rule 30(b)(6) designee, after Berwind's counsel traveled to Baltimore for the express purpose of taking EMG's deposition, evinces a clear intent to frustrate Berwind's attempt to obtain discoverable information. The information sought by Berwind is directly relevant to Berwind's claims, and to EMG's affirmative defenses. It is entirely impermissible for EMG to self-servingly take the position that discovery is limited to information which may support only its theory of the case. Moreover, EMG has failed to demonstrate any undue burden. Finally, where, as here, there is no privilege protecting the information sought from discovery, <u>all</u> the information sought by Berwind is discoverable pursuant to Rule 26, and EMG is required to produce a Rule 30(b)(6) witness capable of providing complete, responsive answers relevant to core issues in this case.

For the reasons set forth herein and in Plaintiffs' Motion to Compel, Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership respectfully request that this Court order Defendant Environmental Management Group, Inc. d/b/a EMG:

(i) Compelling EMG to conduct a diligent search for facts, witnesses, documents and information relating or likely to lead to the discovery of admissible evidence in this lawsuit; to make a further Rule 30(b)(6) designee available to provide full, complete, and binding testimony within ten days of the date of this Order; to submit an affidavit signed by its designated Rule 30(b)(6) witness setting forth each and every action taken to prepare for the reconvened

deposition; and to serve the aforedescribed affidavit seven days prior to the date on which the deposition shall be reconvened; or, in the alternative

(ii)    Precluding EMG from offering evidence or testimony tending to supplement or amplify the testimony that was provided by Mr. Jarosinski on March 29, 2005, with respect to the areas of inquiry set forth in Schedule A to the 30(b)(6) Deposition Subpoena served on EMG; binding and limiting EMG to the testimony that was provided by Mr. Jarosinski on March 29, 2005, with respect to the areas of inquiry set forth in Schedule A to the 30(b)(6) Deposition Subpoena served on EMG; and precluding EMG from calling as witnesses at trial any present or former employees other than Patrick Jarosinski, Sandra Terepka or Michael Collins; and

(iii)   Awarding Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership their reasonable costs incurred in taking the deposition of Mr. Jarosinski in Baltimore, Maryland, and in preparing and, if necessary, arguing the instant Motion.

Respectfully submitted,

**BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP**

By their attorneys,

/s/ Lauren Timoney Upton

---

Eric F. Eisenberg, Esq.
BBO No. 544682
Lauren Timoney Upton, Esq.
BBO No. 565122
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000

#533881

11

## CERTIFICATE OF SERVICE

I, Lauren Timoney Upton, hereby certify that on this 21<u>st</u> day of June, 2005, I served a true and accurate copy of the foregoing Reply in Support of Plaintiffs' Motion to Compel Further Rule 30(b)(6) Deposition Testimony from Defendant and for an Award of Costs upon counsel for Defendant Environmental Management Group, Inc. d/b/a EMG.

/s/ Lauren Timoney Upton
_____