UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
BERWIND PROPERTY GROUP, INC. and    )
NEWTON INVESTORS LIMITED            )
PARTNERSHIP,                        )
                                    )
Plaintiffs,                         )
                                    )   DOCKET NO. 04-11411-NMG
v.                                  )
                                    )
ENVIRONMENTAL MANAGEMENT GROUP,     )
INC. d/b/a EMG,                     )
                                    )
Defendant.                          )
_____)

**PLAINTIFFS' MOTION TO STRIKE EXPERT REPORT
AND TO PRECLUDE EXPERT TESTIMONY AT TRIAL**

Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership (collectively, "Berwind") hereby move the Court to Strike the Expert Report of Defendant Environmental Management Group, Inc. ("EMG"),[1] and to preclude EMG from introducing any expert testimony at trial.

**AS GROUNDS FOR THIS MOTION,** Berwind states as follows:

1.  On or about January 6, 2005, Berwind served EMG with its First Set of Interrogatories, which Interrogatories included a request that EMG identify each person that EMG expected to testify at trial of this action as an expert witness, and further requested that EMG identify, *inter alia*, the subject matter about which it is proposed the expert will testify; the basis of the expert's knowledge regarding that subject matter, including the expert's professional

---

[1] To Berwind's knowledge, EMG has not yet filed a copy of its purported expert report with the Court. Berwind anticipates that EMG may, however, seek to file its expert report with the Court in connection with its pending Motion for Partial Summary Judgment or otherwise. In the event that this turns out to be the case, Berwind would ask that the Court strike the purported "expert report" when proffered/filed by EMG.

education, training, and experience in that field; and the facts, assumptions, theories, or inferences which form the basis of that opinion or opinions.  See Plaintiff's First Set of Interrogatories, at Interrogatory No. 17, a true and accurate copy of which is attached as Exhibit 1 to the Affidavit of Lauren Timoney Upton filed herewith.

2. On or about February 24, 2005, EMG responded to the Plaintiff's First Set of Interrogatories, and, more particularly, to Berwind's request for information relating to its trial expert(s), by responding that "EMG has yet to determine who, if anyone, it intends to call as an expert at the trial of this matter.  EMG will timely supplement its response in accordance with the orders of the Court."  See Environmental Management Group, Inc. d/b/a EMG's Answers to Plaintiffs' First Set of Interrogatories, at No. 17, a true and accurate copy of which is attached as Exhibit 2 to the Upton Affidavit (emphasis added).

3. In addition, pursuant to the Court's Scheduling Order, the plaintiff, Berwind, was required to designate its expert(s) and disclose the information contemplated by Fed. R. Civ. P. 26 (a)(2)(B) on or before May 20, 2005.  In compliance with that Order, Berwind provided EMG with it Rule 26(a)(2) disclosure on May 20, 2005.  See Plaintiffs' Rule 26(a)(2)(B) Disclosure, a true and accurate copy of which is attached as Exhibit 3 to the Upton Affidavit.

4. Pursuant to the Court's Scheduling Order, the defendant, EMG, was to designate its expert(s) and disclose the information contemplated by Fed. R. Civ. P. 26 (a)(2)(B) by no later than June 5, 2005.

5. On July 27, 2006, over one year after the deadline for the designation of its expert(s), EMG mailed Berwind with what it purports to be the "report of our expert" (the "Report"").  See Letter from Steven J. Bolotin, counsel for EMG, to Lauren Timoney Upton, counsel for Berwind, dated July 27, 2006, attached as Exhibit 4 to the Upton Affidavit.

#598502

6.  In addition to the fact that the Report was served over one year after the deadline for service of such reports, the Report fails to comply with the requirements of Fed. R. Civ. P. 26 (a)(2)(B). More specifically, the Report fails to provide 1) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; and 2) a list of other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.[2]

7.  Research by counsel in the www.mass.gov database reveals that EMG's purported expert, Mr. James P. Kirby, is neither a licensed engineer in Massachusetts, nor a licensed construction supervisor in Massachusetts. While Mr. Kirby, in his report, states, in conclusory fashion, that he "conducts due diligence property inspections . . . and is familiar with the applicable standards and practices of due diligence firms in Massachusetts . . .," nothing in his report supports this conclusory statement or describes, with particularity, what training or experience, if any, Mr. Kirby may possess that would provide support for his opinions.[3]

8.  EMG has offered no justification – indeed, no explanation of any kind – for its failure to produce its Rule 26(a)(2) disclosure within the time specified by the Court's Scheduling Order.

9.  Pursuant to the Court's Order of July 10, 2006, the discovery period is closed and no further discovery is permitted.

---

[2] Although the Report indicates that a copy of the witness's *curriculum vitae* is attached to the Report, no such *curriculum vitae* was appended to the Report received by Berwind's counsel.

[3] Mr. Kirby also does not appear well acquainted with the facts of this action. Although Mr. Kirby states, at page 2 of his report, that "Berwind [did not] follow the report's recommendations [to evaluate Parking Garage drainage] until after it had purchased the Property." Berwind did, in fact, have the repairs recommended by EMG performed prior to purchase. See Excerpts from the 4/26/05 Deposition Transcript of Roy Perry, a true and accurate copy of which is attached as Exhibit 4 to the Affidavit of Lauren Timoney Upton filed in support of Plaintiffs' Opposition to the Defendant's Motion for Summary Judgment, at pp. 173-174.

#598502

10. By serving its non-conforming "expert report" over one year after the deadline for such submission, and after the close of discovery, EMG has utterly failed to satisfy its obligation to comply with Rules 26(a)(2)(B)(b) and 26(b)(4) (which permits the taking of depositions of the opponent's expert) of the Federal Rules of Civil Procedure, the Court's Scheduling Order, and the Court's Order of July 10, 2006, and, in the event that the requested relief is not granted, will severely prejudice Berwind.[4]

11. By failing and refusing to provide its expert report until after the close of discovery, EMG has reserved for itself the right to introduce expert opinion at trial without Berwind's having had the opportunity to test the bases for those opinions. EMG's attempts to shirk its discovery obligations, by failing to disclose the existence of its expert and the substance of that expert's expected opinions, and his bases therefore, until after the close of discovery, is a clear violation of the letter, and the spirit, of the discovery rules, and is unfair and prejudicial to Berwind, which has prepared for trial without the benefit of expert witness disclosure by EMG.[5]

12. More particularly, in the event that the requested relief is not granted, Berwind would be severely prejudiced at the trial of this matter where, as here, the proposed "expert report" is replete with irrelevant and unsubstantiated factual assertions, as well as unsubstantiated and unfounded conclusions of law. Even assuming, *arguendo*, that the Court were to grant leave to Berwind to depose EMG's proposed expert, Berwind would be severely

---

[4] It must be noted that in addition to the fact that the defendant has served this Report over one year after the deadline for service of said report, and after the close of discovery, this matter has already been marked for trial twice: originally on May 22, 2006, and then again on July 24, 2006. Presumably, had the trial gone forward on either of these dates, the Defendant would have proceeded without aid of an expert or expert report.

[5] It should be noted, as well, that EMG's failure to disclose the existence of its expert and the substance of that expert's expected opinions until one year after its production was required, after the close of discovery, and after the filing of its Motion for Partial Summary Judgment is a continuation of EMG's abusive discovery strategy that subverts important policy considerations supporting the Rules of Civil Procedure. Berwind has already had to incur unnecessary costs in preparing a Motion to Compel Further Rule 30(b)(6) Testimony after, as the Court noted, EMG failed to adequately prepare its Rule 30(b)(6) witness for deposition and failed to provide all relevant, non-privileged documents requested by Berwind. See Docket Paper #34.

prejudiced in that it has formulated its strategy and prepared for trial with the understanding that it would not be refuting purported "expert" testimony proffered by EMG; allowing EMG to belatedly introduce evidence from its purported expert would significantly change the complexion of the case.  In addition, Berwind would have to incur significant additional costs in analyzing, investigating, and potentially refuting the unsubstantiated factual assertions, and unsubstantiated and unfounded conclusions of law, set forth by Berwind's purported expert.

13. Given that EMG had at least two opportunities to satisfy the requirements of Rules 26(a)(2)(B)(b), by filing the requisite expert report in response to Berwind's First Set of Interrogatories or certainly by the deadline established by the Court's Scheduling Order; given EMG's failure to produce an expert report in a timely manner; given EMG's failure to justify its failure to timely provide an expert report; and given the substantial prejudice that would be suffered by Berwind in the event that the requested relief is not granted, EMG should not be permitted to benefit from its dilatory actions.  EMG simply should not be permitted to present expert testimony at this late date. See Norris v. Murphy, 2003 WL 21488640 (D.Mass.)("[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a)(2) was either justified or harmless.") quoting Salgado v. General Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998)(emphasis added); see also Cytyc Corporation v. Tripath Imaging, Inc., 2005 WL 1527883 at *6 (D.Mass.)(court allowed Plaintiff's motion to exclude late-served expert reports where such reports attempted to introduce a new theory).[6]

---

[6] The sanction for failing to comply with the expert disclosure requirements of Rule 26(a)(2) are set forth in Rule 37(c)(1), which provides, in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) … is not, unless such failure is harmless, permitted to use at trial … any witness or information not so disclosed.

**WHEREFORE,** Berwind respectfully requests that the Court enter an Order striking EMG's expert report, and further precluding EMG from offering expert testimony at the trial of this action.

Respectfully submitted,

**BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP**

By their attorneys,

/s/ Lauren Timoney Upton
_____
Eric F. Eisenberg, Esq.
BBO No. 544682
Lauren Timoney Upton, Esq.
BBO No. 565122
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109
(617) 345-9000

## CERTIFICATE OF SERVICE

I, Lauren Timoney Upton, hereby certify that on this 17th day of August 2006, I served a true and accurate copy of the foregoing upon counsel for Defendant Environmental Management Group, Inc. d/b/a EMG.

/s/ Lauren Timoney Upton
_____

#598502