UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>ENVIRONMENTAL MANAGEMENT GROUP, INC. d/b/a EMG,<br><br>Defendant. | DOCKET NO. 04-11411-NMG |

**FIRST SET OF INTERROGATORIES PROPOUNDED BY PLAINTIFFS BERWIND PROPERTY GROUP, INC. AND NEWTON INVESTORS LIMITED PARTNERSHIP TO DEFENDANT ENVIRONMENTAL MANAGEMENT GROUP, INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership hereby propound to Defendant Environmental Management Group, Inc. d/b/a EMG the following interrogatories to be answered in accordance with the instructions and definitions set forth below.

GENERAL INSTRUCTIONS

1. These Interrogatories are continuing and require supplemental responses.

2. In the event that it is claimed that any document or communication responsive to any Interrogatory is privileged, such document or communication should be fully identified in writing, except that the substance thereof need not be described to the extent it is privileged.

3. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the sentence inclusive rather than exclusive.

4. The word "including" shall be construed to mean "without limitation."

5. The singular includes the plural and vice versa and the present tense includes the past and vice versa unless the plain meaning of the sentence would be distorted by such usage.

## GENERAL DEFINITIONS

Except as otherwise expressly indicated, as used in these Interrogatories, Definitions, and Instructions:

1. The uniform definitions for discovery requests as set forth in Local Rule 26.5 are hereby incorporated by reference.

2. "Document" means any recorded information or recorded communication in whatever form, including without limitation, correspondence, books, pamphlets, periodicals, letters, memoranda, including any memorandum or report of a meeting or telephone or other conversation, invoice, account, credit, memo, financial statement, general ledger, subsidiary and supporting ledger, journal, diary, telegram, report, record, contract, agreement, study, draft, handwritten or other note, working paper, sketch, picture, plan, chart, paper, graph, index, tape, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and regardless of origin or location, in the possession, custody or control of the defendant or its agents, accountants or attorneys. "Document" also means all copies of documents, by whatever means made, if the copy bears any other marking or notation not found on the original.

3. "Person" or "persons" means any natural person, corporation, firm, partnership, unincorporated association, joint venture, proprietorship, governmental body (including any

administrative agency and including state, federal or local government) or other organization or legal entity.

4. "Entity" means any corporation, firm, partnership, unincorporated association, joint venture, proprietorship, governmental body (including any administrative agency and including state, federal or local government) or other organization or legal entity.

5. The term "communication" means any act or instance of transferring, transmitting, passing, delivering or giving information, by oral, written, or electronic means, including but not limited to by notes, letter, telegram, telex, telephone facsimile, tape, electronic mail, voice mail or otherwise.

6. "Identify" or "identification" when used with reference to a person, means give the following information with respect to that person:

    (a) The person's full name;

    (b) The person's complete present (or last known) residential address.

    (c) The person's complete present (or last known) business address;

    (d) The person's occupation or principal business;

    (e) Each business affiliation held by the person during the period to which the Interrogatory applies; and

    (f) The personal, professional, business and social relationship of the person to the party answering these interrogatories.

7. "Identify" or "identification" when used with respect to a document, means provide the following information with respect to the document:

    (a) A description of the type of document (e.g. letter, diary, expense accounts, etc.);

(b) A summary of the substance of the document;

(c) The identity of the author or originator of the document;

(d) The identity of the addressee or addressees (if any) of the document;

(e) The date indicated on the document as being the date thereof, or if no date is shown upon it, the date (as exactly as possible) when the document was written, executed or produced;

(f) The number of pages of the document;

(g) The title of the document;

(h) The identification number of the document (if any);

(i) The present location and custodian of the original of the document, the present location and custodian of any copy thereof, and the present (or last known address) of each such custodian;

(j) The manner and date of disposition of the document if it is no longer in the possession or subject to the control of the party answering these interrogatories; and

(k) The identity of all recipients of the document.

8. "Identify" or "identification" when used with respect to anything other than a person or document, means list by name, define, and explain as fully and in as much detail as possible, with specific reference to all documents and persons relating to the thing or things identified.

9. The term "reflecting" means evidencing, demonstrating, touching upon, mentioning, commenting on, incorporating, analyzing, transcribing, noting, evaluating, reviewing, reporting on, critiquing, criticizing or showing in any way.

10. The term "relating to" means constituting, concerning, mentioning, discussing, pertaining to, connected with, relied upon, or in anyway relevant to the indicated item.

11. The term "concerning" means regarding, having as a subject, in part or in whole, making reference to, showing, or reflecting in any way.

12. The term "internal," when used to refer to a document, means generated or produced for intra-company or intra-corporate use or record and not for distribution outside the company or corporation in the ordinary course of business.

13. The term "personal," when used to refer to a document or communication, means generated or produced by the author for personal record, communication, use or other personal purpose within or outside the company or corporation or for storage in a file, drawer, cabinet or other storage space maintained by the author or his designee apart from other corporate or company files.

14. The term "prepared" means written, authorized to be written, prepared or produced in any other manner in tangible form.

## ADDITIONAL DEFINITIONS

A. The term "BMG" means any and all employees, agents, officers, attorneys or persons associated with Berwind Property Group, Inc. and Newton Investors Limited Partnership.

B. The term "EMG" means any and all employees, agents, officers, attorneys or persons associated with Defendant Environmental Management Group, Inc. d/b/a EMG.

C. The "Contract" shall refer to the Contract entered into between EMG and Berwind on or about March 17, 1999, by which EMG agreed to perform certain engineering services for Berwind, as more specifically set forth in the March 2, 1999 EMG Proposal No. 199933776.

D.  The "Property" shall refer to the property located at 1210-1230 Washington Street, Newton, Massachusetts.

E.  The "Parking Garage" shall refer to the parking structure located on the Property.

F.  The "Project" shall refer to the analysis and evaluation of the Property and the Parking Garage to be performed by EMG pursuant to the Contract.

G.  The "Report" shall refer to EMG's Property Condition Evaluation report dated April 6, 1999 and referencing the Property.

H.  The "Complaint" shall refer to the First Amended Complaint and Jury Demand filed in this action by Berwind on May 27, 2004.

## INTERROGATORIES

1.  Please identify any and all persons providing the information contained in any response to these interrogatories.

2.  Please identify any and all persons having knowledge of any facts pertaining to this case.

3.  With respect to any and all agreements entered into between Berwind and EMG, please set forth the following:

    (a) whether any such agreement was oral or in writing;

    (b) the date such agreement was entered into;

    (c) the terms and contents of such agreement; and

    (d) if written, the date said agreement was executed and by whom.

4.  Please identify any modifications, cancellations, or other alterations to each agreement set forth in the previous interrogatory, and for each such modification, cancellation, or other alteration please set forth the following:

    (a) identification of the original contract work;

    (b) a full and complete description of the manner in which the scope of the original contract work was changed;

    (c)    identification of the person(s) who requested the change;

    (d)    identification of the person(s) who authorized such change;

    (e)    the date(s) on which each such change was authorized;

    (f)    whether the change was in accordance with the contract requirements, and, if not, specification in detail of each deviation therefrom; and

    (g)    identification of any and all documents of which you are aware that evidence, refer to, reflect, or discuss such changes.

5.    Please set forth any and all events or occurrences that occurred during the course of EMG's work on the Project which in any way changed or interfered with EMG's plans to prosecute its work on the Project, including in your answer:

    (a)    the date of each such event;

    (b)    a full and complete description of each such event;

    (c)    identification of the person(s) most familiar with each such event; and

    (d)    identification of any and all documents of which you are aware which evidence, refer to, reflect, or discuss each such event.

6.    With respect to any and all communications, discussions, disputes, disagreements, or differences of opinion between Berwind and EMG concerning the Project, please set forth the following:

    (a)    a complete description of any such communications, discussions, disputes, disagreements, or differences of opinion;

    (b)    the date of any such communications, discussions, disputes, disagreements, or differences of opinion;

    (c)    the form of such communications, discussions, disputes, disagreements, or differences of opinion, whether in person, by telephone, by correspondence or in some other form;

    (d)    identification of any and all persons having knowledge of such communications, discussions, disputes; and

  (e)  identification of any and all documents which refer to, reflect, or discuss any such communications, discussions, disputes, disagreements, or differences of opinion.

7. With respect to any and all communications, discussions, disputes, disagreements, or differences of opinion between EMG and any other entity concerning the Project, please set forth the following:

  (a)  a complete description of any such communications, discussions, disputes, disagreements, or differences of opinion;

  (b)  the date of any such communications, discussions, disputes, disagreements, or differences of opinion;

  (e)  the form of such communications, discussions, disputes, disagreements, or differences of opinion, whether in person, by telephone, by correspondence or in some other form;

  (f)  identification of any and all persons having knowledge of such communications, discussions, disputes; and

  (e)  identification of any and all documents which refer to, reflect, or discuss any such communications, discussions, disputes, disagreements, or differences of opinion.

8. Please describe in full and complete detail all actions or activities undertaken/conducted by EMG in its analysis and evaluation of the Property:

  (a)  the date of each such action or activity;

  (b)  a full and complete description of each such action or activity;

  (c)  identification of the person(s) most familiar with each such action or activity; and

  (d)  identification of any and all documents of which you are aware which refers to, reflects, or discusses each such action or activity.

9. Please describe in full and complete detail any and all structural analyses and evaluations that EMG performed on reinforced concrete parking structures between 1996 and 1999, and include in your answer:

  (a)  the dates EMG worked on each such project;

  (b)  the location of each such project;

(c) a full and complete description of each such project;

(d) identification of the person(s) most familiar with each such project; and

(e) identification of any and all documents of which you are aware which refers to, reflects, or discusses each such project.

10. Please set forth the basis for Defendant's First Affirmative Defense that Plaintiffs have failed to state a claim upon which relief may be granted.

11. Please set forth the basis for Defendant's Third Affirmative Defense that Plaintiffs' claim is barred by the statute of limitations.

12. Please set forth the basis for Defendant's Fourth, Fifth and Eighth Affirmative Defenses that alleged negligence of Plaintiffs was greater than the negligence of EMG, and that such alleged negligence of Plaintiffs contributed to their injury.

13. Please set forth the basis for Defendant's Sixth and Seventh Affirmative Defenses that Plaintiffs, by their conduct and action and/or the conduct and actions of their agents and servants have waived or are estopped to recover any judgment against EMG.

14. Please set forth the basis for Defendant's Tenth Affirmative Defense that Plaintiffs breached the terms and conditions of the Contract.

15. Please set forth the basis for Defendant's Eleventh Affirmative Defense that Plaintiffs are not entitled to any recovery under G.L. c. 93A for the reason that the transaction and actions set out in the plaintiffs' First Amended Complaint are permitted under laws administered by the regulatory board of office acting under statutory authority of the Commonwealth of Massachusetts, and how this would constitute a defense to Plaintiff's claims.

16. Please set forth the basis for Defendant's Thirteenth Affirmative Defense that EMG was lawfully authorized to commit the acts complained of, and how this would constitute a defense to Plaintiff's claims.

17. Please identify each person that EMG expects to testify at trial of this action as an expert witness, and with respect to each such person, please set forth the following:

(a) the subject matter about which it is proposed the expert will testify;

(b) the basis of the expert's knowledge regarding that subject matter, including the expert's professional education, training, and experience in that field;

(c) the education, training, and experience of the expert outside of his field of expertise to the extent that the education, training, and experience to the extent that it contributes to his opinion in this matter;

(d) the opinion which has been rendered by the expert or which is expected to be rendered by the expert at trial; and

(e) the facts, assumptions, theories, or inferences which form the basis of that opinion or opinions.

18. Please identify each person (whether or not employed by EMG) not identified in the answer to the previous interrogatory that EMG has consulted, retained, or specially employed in anticipation of this litigation or in preparation for trial in this action with respect to the Plaintiff's claims (whether or not they are expected to be called as witnesses at trial), and with respect to each such individual please set forth the following:

(a) the academic and professional background of that person;

(b) identification of any publications, by title, publisher and date, by that person;

(c) the subject matter upon which such persons were consulted;

(d) such person's opinions related to Plaintiff's claims; and

(e) the basis for such person's opinions regarding this action.

BERWIND PROPERTY GROUP, INC.
and NEWTON INVESTORS
LIMITED PARTNERSHIP,

By its attorneys,

Dated: January 6, 2005

Eric F. Eisenberg, Esq.
BBO No. 544682
Lauren Timoney Upton, Esq.
BBO No. 565122
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000

## CERTIFICATE OF SERVICE

    I, Lauren Timoney Upton, Esq., hereby certify that on the date set forth above, I caused notice of the foregoing to be served upon all parties/counsel of record in the above-captioned matter.

*/s/ Lauren Timoney Upton*
Lauren Timoney Upton, Esq.