UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-11411-NMG

| | |
|---|---|
| BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP, <br>     Plaintiffs, <br><br> v. <br><br> ENVIRONMENTAL MANAGEMENT GROUP, INC. d/b/a EMG, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ENVIRONMENTAL MANAGEMENT GROUP, INC. d/b/a EMG'S
ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the defendant, Environmental Management Group, Inc. d/b/a EMG ("EMG"), hereby responds to the plaintiffs' Interrogatories as follows:

GENERAL OBJECTIONS

EMG objects to the definitions and interrogatories propounded by the plaintiff to the extent they are vague, overly broad, unduly burdensome, argumentative, call for legal conclusions, assert facts not in evidence, and are contradicted by the facts, evidence, and law, as well as to the extent they are not likely to lead to the discovery of admissible evidence, call for information protected by statute or doctrine including, but not limited to, the attorney-client privilege or the work product doctrine, or seek information beyond that required by Rule 26 of the Federal Rules of Civil Procedure or the mental impressions of counsel. Notwithstanding, and subject to, the foregoing objections, as well as subsequent specific objections, and subject to EMG's right to supplement its responses should further information be discovered during the course of litigation, EMG responds as follows:

939871v1

## ANSWERS

Interrogatory No. 1

Please identify any and all persons providing the information contained in any response to these interrogatories.

Answer No. 1

The information forming the basis for the responses to these interrogatories came from the documents contained in EMG's file for 1220 Washington Street. Information regarding legal objections came from counsel for EMG.

Interrogatory No. 2

Please identify any and all persons having knowledge of any facts pertaining to this case.

Objection. EMG objects to this Interrogatory to the extent it calls upon EMG to speculate as to the knowledge contained by others. Notwithstanding, and subject to, the foregoing objection, EMG responds as follows:

Answer No. 2

EMG refers the plaintiff to its automatic discovery disclosure.

Interrogatory No. 3

With respect to any and all agreements entered into between Berwind and EMG, please set forth the following:

(a)  whether any such agreement was oral or in writing;
(b)  the date such agreement was entered into;
(c)  the terms and contents of such agreement; and
(d)  if written, the date said agreement was executed and by whom.

Objection. EMG objects to this Interrogatory to the extent that it is vague, overly broad, unduly burdensome, not reasonably limited in scope or time, and contains undefined terms such that EMG is unable to determine the information being sought. Notwithstanding, and subject to, the foregoing objections, EMG responds as follows:

939871v1

Answer No. 3

With regard to the project at issue in this action, EMG is aware of a written agreement entered into on or about March 17, 1999, executed on behalf of Berwind by Roy C. Perry. The terms of such agreement are contained therein, and EMG refers Berwind to the document itself which has been produced. Further responding, appended as Exhibit A is a list of other instances in which EMG has performed services for Berwind. Those instances may have been pursuant to agreements with Berwind. EMG has not been able to locate such agreements at present, but will continue to review its files, and reserves the right to supplement its response.

Interrogatory No. 4

Please identify any modifications, cancellations, or other alterations to each agreement set forth in the previous interrogatory, and for each such modification, cancellation, or other alteration please set forth the following:

(a)   identification of the original contract work;
(b)   a full and complete description of the manner in which the scope of the original contract work was changed;
(c)   identification of the person(s) who requested the change;
(d)   identification of the person(s) who authorized such change;
(e)   the date(s) on which each such change was authorized;
(f)   whether the change was in accordance with the contract requirements, and, if not, specification in detail o each deviation therefrom; and
(g)   identification of any and all documents of which you are aware that evidence, refer to, reflect, or discuss such changes.

Objection. EMG objects to this Interrogatory to the extent that it is vague, overly broad, unduly burdensome, not reasonably limited in scope or time, and contains undefined terms such that EMG is unable to determine the information being sought. Notwithstanding, and subject to, the foregoing objections, EMG responds as follows:

Answer No. 4

With respect to the project at issue in this action, EMG is aware of no alterations to the agreement between itself and Berwind. With regard to any other agreements which may have been entered into between Berwind and EMG for projects other than that involved in this action, EMG has insufficient information upon which to respond at this time. EMG reserves the right to supplement its response to this Interrogatory.

3

Interrogatory No. 5

Please set forth any and all events or occurrences that occurred during the course of EMG's work on the Project which in any way changed or interfered with EMG's plans to prosecute its work on the Project, including in your answer:

(a) the date of each such event;
(b) a full and complete description of each such event;
(c) identification of the person(s) most familiar with each such event; and
(d) identification of any and all documents of which you are aware which evidence, refer to, reflect, or discuss each such event.

Answer No. 5

At present, EMG is unaware of any events or occurrences which interfered or prevented it from performing the services set forth in its agreement with Berwind. EMG reserves the right to supplement its response to this Interrogatory.

Interrogatory No. 6

With respect to any and all communications, discussions, disputes, disagreements, or differences of opinion between Berwind and EMG concerning the Project, please set forth the following:

(a) a complete description of any such communications, discussions, disputes, disagreements, or differences of opinion;
(b) the date of any such communications, discussions, disputes, disagreements, or differences of opinion;
(c) the form of such communications, discussions, disputes, disagreements, or differences of opinion, whether in person, by telephone, by correspondence or in some other form;
(d) identification of any and all persons having knowledge of such communications, discussions, disputes; and
(e) identification of any and all documents which refer to, reflect, or discuss any such communications, discussions, disputes, disagreements, or differences of opinion.

Objection. EMG objects to this Interrogatory to the extent that it is vague, overly broad, unduly burdensome, not reasonably limited in scope or time, and contains undefined terms such that EMG is unable to determine the information being sought. Notwithstanding, and subject to, the foregoing objections, EMG responds as follows:

Answer No. 6

With regard to the communication between Berwind and EMG concerning the project at issue in this action, EMG refers Berwind to its file for 1220 Washington Street, which has been produced. With regard to persons from EMG who may have had communications with persons from Berwind, EMG refers Berwind to its automatic discovery disclosure statement.

4

Interrogatory No. 7

With respect to any and all communications, discussions, disputes, disagreements, or differences of opinion between EMG and any other entity concerning the Project, please set forth the following:

(a) a complete description of any such communications, discussions, disputes, disagreements, or differences of opinion;
(b) the date of any such communications, discussions, disputes, disagreements, or differences of opinion;
(e) the form of such communications, discussions, disputes, disagreements, or differences of opinion, whether in person, by telephone, by correspondence or in some other form;
(f) identification of any and all persons having knowledge of such communications, discussions, disputes; and
(e) identification of any and all documents which refer to, reflect, or discuss any such communications, discussions, disputes, disagreements, or differences of opinion.

Objection. EMG objects to this Interrogatory to the extent that it is vague, overly broad, unduly burdensome, not reasonably limited in scope or time, and contains undefined terms such that EMG is unable to determine the information being sought. Notwithstanding, and subject to, the foregoing objections, EMG responds as follows:

Answer No. 7

EMG is unaware of any communications with any party other than Berwind concerning the project at issue in this action during the relevant period of time.

Interrogatory No. 8

Please describe in full and complete detail all actions or activities undertaken/conducted by EMG in its analysis and evaluation of the Property:

(a) the date of each such action or activity;
(b) a full and complete description of each such action or activity;
(c) identification of the person(s) most familiar with each such action or activity; and
(d) identification of any and all documents of which you are aware which refers to, reflects, or discusses each such action or activity.

Answer No. 8

EMG directs Berwind to the property condition evaluation of 1220 Washington Street which has been produced.

5

939871v1

Interrogatory No. 9

Please describe in full and complete detail any and all structural analyses and evaluations that EMG performed on reinforced concrete parking structures between 1996 and 1999, and include in your answer:

(a) the dates EMG worked on each such project;
(b) the location of each such project;
(c) a full and complete description of each such project;
(d) identification of the person(s) most familiar with each such project; and
(e) identification of any and all documents of which you are aware which refers to, reflects, or discusses each such project.

Objection. EMG objects to this Interrogatory in that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. During the relevant period of time, EMG had ten offices providing services throughout the United States, and as such, this interrogatory would require EMG to search through thousands of reports performed by dozens of individuals for information unrelated to the services or property at issue in this action.

Interrogatory No. 10

Please set forth the basis for Defendant's First Affirmative Defense that Plaintiffs have failed to state a claim upon which relief may be granted.

Objection. EMG objects to this Interrogatory in that affirmative defenses are based on the legal assessment of counsel. Berwind has failed to set forth a showing of necessity required to compel the disclosure of the mental impressions of EMG's attorney. Notwithstanding, and subject to, the foregoing objections, EMG responds as follows:

Answer No. 10

Berwind directed the type of services and inspection to be provided by EMG, entered into a contract with EMG which limited EMG's liability, elected not to pay to expand EMG's liability, did not inquire further of EMG after receiving EMG's inspection report, did not seek further services from EMG regarding the findings in EMG's report, and did not follow recommendations contained in EMG's report.

Interrogatory No. 11

Please set forth the basis for Defendant's Third Affirmative Defense that Plaintiffs' claim is barred by the statute of limitations.

Objection. EMG objects to this Interrogatory in that affirmative defenses are based on the legal assessment of counsel. Berwind has failed to set forth a showing of necessity required to compel the disclosure of the mental impressions of EMG's attorney. Notwithstanding, and subject to, the foregoing objections, EMG responds as follows:

Answer No. 11

*[handwritten: How does this relate to SLL?]*

Berwind directed the type of services and inspection to be provided by EMG, entered into a contract with EMG which limited EMG's liability, elected not to pay to expand EMG's liability, did not inquire further of EMG after receiving EMG's inspection report, did not seek further services from EMG regarding the findings in EMG's report, and did not follow recommendations contained in EMG's report.

Interrogatory No. 12

Please set forth the basis for Defendants' Fourth, Fifth and Eighth Affirmative Defenses that alleged negligence of Plaintiffs was greater than the negligence of EMG, and that such alleged negligence of Plaintiffs contributed to their injury.

Objection. EMG objects to this Interrogatory in that affirmative defenses are based on the legal assessment of counsel. Berwind has failed to set forth a showing of necessity required to compel the disclosure of the mental impressions of EMG's attorney. Notwithstanding, and subject to, the foregoing objections, EMG responds as follows:

Answer No. 12

Berwind directed the type of services and inspection to be provided by EMG, entered into a contract with EMG which limited EMG's liability, elected not to pay to expand EMG's liability, did not inquire further of EMG after receiving EMG's inspection report, did not seek further services from EMG regarding the findings in EMG's report, and did not follow recommendations contained in EMG's report.

Interrogatory No. 13

Please set forth the basis for Defendant's Sixth and Seventh Affirmative Defenses that Plaintiffs, by their conduct and action and/or the conduct and actions of their agents and servants have waived or are estopped to recover any judgment against EMG.

Objection. EMG objects to this Interrogatory in that affirmative defenses are based on the legal assessment of counsel. Berwind has failed to set forth a showing of necessity required to compel the disclosure of the mental impressions of EMG's attorney. Notwithstanding, and subject to, the foregoing objections, EMG responds as follows:

939871v1

Answer No. 13

Berwind directed the type of services and inspection to be provided by EMG, entered into a contract with EMG which limited EMG's liability, elected not to pay to expand EMG's liability, did not inquire further of EMG after receiving EMG's inspection report, did not seek further services from EMG regarding the findings in EMG's report, and did not follow recommendations contained in EMG's report.

Interrogatory No. 14

Please set forth the basis for Defendant's Tenth Affirmative Defense that Plaintiffs breached the terms and conditions of the Contract.

Objection. EMG objects to this Interrogatory in that affirmative defenses are based on the legal assessment of counsel. Berwind has failed to set forth a showing of necessity required to compel the disclosure of the mental impressions of EMG's attorney. Notwithstanding, and subject to, the foregoing objections, EMG responds as follows:

Answer No. 14

Berwind directed the type of services and inspection to be provided by EMG, entered into a contract with EMG which limited EMG's liability, elected not to pay to expand EMG's liability, did not inquire further of EMG after receiving EMG's inspection report, did not seek further services from EMG regarding the findings in EMG's report, and did not follow recommendations contained in EMG's report.

Interrogatory No. 15

Please set forth the basis for Defendant's Eleventh Affirmative Defense that Plaintiffs are not entitled to any recovery under G.L. c. 93A for the reason that the transaction and actions set out in the plaintiffs' First Amended Complaint are permitted under laws administered by the regulatory board of office acting under statutory authority of the Commonwealth of Massachusetts, and how this would constitute a defense to Plaintiff's claims.

Objection. EMG objects to this Interrogatory in that affirmative defenses are based on the legal assessment of counsel. Berwind has failed to set forth a showing of necessity required to compel the disclosure of the mental impressions of EMG's attorney. Notwithstanding, and subject to, the foregoing objections, EMG responds as follows:

Answer No. 15

Berwind directed the type of services and inspection to be provided by EMG, entered into a contract with EMG which limited EMG's liability, elected not to pay to expand EMG's liability, did not inquire further of EMG after receiving EMG's inspection report, did not seek further services from EMG regarding the findings in EMG's report, and did not follow recommendations contained in EMG's report.

Interrogatory No. 16

Please set forth the basis for Defendant's Thirteenth Affirmative Defense that EMG was lawfully authorized to commit the acts complained of, and how this would constitute a defense to Plaintiff's claims.

Objection. EMG objects to this Interrogatory in that affirmative defenses are based on the legal assessment of counsel. Berwind has failed to set forth a showing of necessity required to compel the disclosure of the mental impressions of EMG's attorney. Notwithstanding, and subject to, the foregoing objections, EMG responds as follows:

Answer No. 16

Berwind directed the type of services and inspection to be provided by EMG, entered into a contract with EMG which limited EMG's liability, elected not to pay to expand EMG's liability, did not inquire further of EMG after receiving EMG's inspection report, did not seek further services from EMG regarding the findings in EMG's report, and did not follow recommendations contained in EMG's report.

Interrogatory No. 17

Please identify each person that EMG expects to testify at trial of this action as an expert witness, and with respect to each such person, please set forth the following:

(a) the subject matter about which it is proposed the expert will testify;
(b) the basis of the expert's knowledge regarding the subject matter, including the expert's professional education, training, and experience in that field;
(c) the education, training, and experience of the expert outside of his field of expertise to the extent that the education, training, and experience to the extent that it contributes to his opinion in this matter;
(d) the opinion which has been rendered by the expert or which is expected to be rendered by the expert at trial; and
(e) the facts, assumptions, theories, or inferences which form the basis of that opinion or opinions.

Answer No. 17

EMG has yet to determine who, if anyone, it intends to call as an expert at the trial of this matter. EMG will timely supplement its response in accordance with the orders of the Court.

939871v1

Interrogatory No. 18

Please identify each person (whether or not employed by EMG) not identified in the answer to the previous interrogatory that EMG has consulted, retained, or specially employed in anticipation of this litigation or in preparation for trial in this action with respect to the Plaintiff's claims (whether or not they are expected to be called as witnesses at trial), and with respect to each such individual please set forth the following:

(a)  the academic and professional background of that person;
(b)  identification of any publications, by title, publisher and date, by that person;
(c)  the subject matter upon which such persons were consulted;
(d)  such person's opinions related to Plaintiff's claims; and
(e)  the basis for such person's opinions regarding this action.

Objection: EMG objects to this Interrogatory in that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine, and which is beyond the scope of discovery pursuant to the applicable rules

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 24th DAY OF FEBRUARY, 2005.**

Environmental Management Group, Inc. d/b/a EMG

_Patrick D. Jarosinski_
By: PATRICK (D.) JAROSINSKI
Its: SVP of Operations

AS TO OBJECTIONS:

ENVIRONMENTAL MANAGEMENT GROUP, INC.
d/b/a EMG
By its Attorneys,

MORRISON MAHONEY LLP

/s/sbolotin
Steven J. Bolotin, BBO#564085
250 Summer Street
Boston, MA 02210
(617) 439-7500

10

939871v1

## Exhibit A

| COMPANY | SITE ADDRESS | SITE CITY/STATE |
|---|---|---|
| Berwind Property Group, Inc. | Five Burlington Woods Office Park | Burlington, MA |
| Berwind Property Group, Inc. | Five Burlington Woods Office Park | Burlington, MA |
| Berwind Property Group, Inc. | 116, 118 & 120 Welsh Road (Welsh Rd Bus Ctr) | Horsham, PA |
| Berwind Property Group, Inc. | SW Corner of Rt. 332 & I95 | Newtown, PA |
| Berwind Property Group, Inc. | Lot 38-Forge Park Parkway | Franklin, MA |
| Berwind Property Group, Inc. | Lot 38-Forge Park Parkway | Franklin, MA |
| Berwind Property Group, Inc. | 535 Connecticut Avenue | Norwalk, CT |
| Berwind Property Group, Inc. | 535 Connecticut Avenue | Norwalk, CT |
| Berwind Property Group, Inc. | 535 Connecticut Avenue | Norwalk, CT |
| Berwind Property Group, Inc. | Hog Island Road (Corp. Hanger No. 1) | Tinicum Township, PA |
| Berwind Property Group, Inc. | 3015 Oak Lawn Avenue (Melrose Hotel) | Dallas, TX |
| Berwind Property Group, Inc. | 3015 Oak Lawn Avenue (Melrose Hotel) | Dallas, TX |
| Berwind Property Group, Inc. | 10 Maguire Road (Lexington Corp. Ctr) | Lexington, MA |
| Berwind Property Group, Inc. | 10 Maguire Road (Lexington Corp. Ctr) | Lexington, MA |
| Berwind Property Group, Inc. | 1210-1230 Washington Street | Newton, MA |
| Berwind Property Group, Inc. | 1210-1230 Washington Street | Newton, MA |
| Berwind Property Group, Inc. | 1210-1230 Washington Street | Newton, MA |
| Berwind Property Group, Inc. | 9440, 9446, 9450, 9452, 9454, 9456 Phillips (Gran Pk | Jacksonville, FL |

939871v1

|  | at Interstate South) |  |
| --- | --- | --- |
| Berwind Property Group, Inc. | Gran Park at The Avenues | Jacksonville, FL |
| Berwind Property Group, Inc. | 1210-1230 Washington Street | Newton, MA |
| Berwind Property Group, Inc. | 116, 118 and 120 Welsh Road (Welsh Rd Business Ctr) | Horsham, PA |