UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-11411-NMG

| | |
|---|---|
| BERWIND PROPERTY GROUP, INC.<br>and NEWTON INVESTORS LIMITED<br>PARTNERSHIP,<br>       Plaintiffs,<br><br>v.<br><br>ENVIRONMENTAL MANAGEMENT<br>GROUP, INC. d/b/a EMG,<br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION TO MOTION TO STRIKE EXPERT REPORT AND PRECLUDE
EXPERT TESTIMONY AT TRIAL**

Now comes defendant Environmental Management Group, Inc. ("EMG"), and in opposition to the plaintiff's Motion To Strike Expert Report And Preclude Expert Testimony At Trial respectfully states as follows:

1.      **The Timing of Disclosure was the result of Late Filed Motions by the Plaintiff.**

In its motion, the plaintiff has failed to remind this Court that the reason that the case management deadlines initially agreed upon by the parties have not been was its own failure to comply with those deadlines.  Plaintiff's counsel argues that EMG had no basis for not serving its expert disclosure by June 5, 2005.  However, the plaintiff is fully aware that its own late filed motion caused the delays in completing discovery and subsequent deadlines in this matter.

In response to a 30(b)(6) deposition notice, the plaintiffs identified several individuals to serve as corporate representatives, each of whom would testify to discrete categories.  However, before the 30(b)(6) deposition of the plaintiffs was complete, the plaintiffs sought to amend their complaint to add new parties and new causes of action after that date.  Specifically, on June 9, 2005, Berwind Property Group, Inc. ("Berwind") filed a late motion seeking leave to add two

new defendants to this action. That motion, made long after the period agreed for such motions under the originally agreed case management schedule, sought to assert intentional tort claims against two employees of the defendant.

Given the potential for personal liability of these individuals if added to this action, on June 22, 2005, counsel for EMG advised counsel for Berwind in writing that it was suspending discovery pending resolution of the plaintiff's motion. EMG specifically indicated that it intended to complete 30(b)(6) deposition of the plaintiff which had been commenced but not concluded, and to conduct the deposition of the plaintiff's recently disclosed expert. **Exhibit A**. At no time did counsel for the plaintiff provide any notice that it objected or disagreed that this was inappropriate.

On December 6, 2006, this Court denied the plaintiff's motion to amend, but did order certain **further discovery**, including investigation into the location of additional documents and the deposition of a former EMG employee, Matthew Dillis. Following this Court's order, EMG diligently conducted a review of its files to provide the information directed in this Court's order. EMG provided a supplemental answer to interrogatories on January 17, 2006. Thereafter, in consultation with plaintiff's counsel, EMG located the specific files which plaintiff wanted copied and, as a courtesy, provided copies thereof to the plaintiff (rather than have the plaintiff travel to Maryland where the files were located to review them). Further, EMG arranged for the appearance for deposition of its former employee Mr. Matthew Dillis. That deposition was conducted on April 12, 2006, and Mr. Dillis provided the parties with his completed errata sheet provided on May 24, 2006.

Upon completion of the deposition of Mr.. Dillis, counsel for EMG requested to complete the previously started and noticed depositions stayed due to the Motion to Amend. However,

2

958045v1

only then did Berwind object to allowing that discovery to go forward, arguing that the discovery period had ended. Accordingly, EMG sought leave of this Court to complete said depositions after its motion for partial summary judgment, which was filed and is pending before this Court, was decided. When this Court denied that request, precluding EMG from completing its fact discovery, EMG proceeded to issue its expert disclosure pursuant to Fed.R.Civ.P. and Local Rule 26(a)(2)(C).

The expert disclosure, in the form of an expert report, was based upon all of the discovery taken, including the deposition of Mr. Dillis. Such deposition testimony was relevant to the expert's opinion, especially as it relates to the scope of the defendant's engagement, which was the subject of Mr. Dillis' testimony. The timing of that disclosure, provided more than 90 days before the currently scheduled trial date,[1] was dictated by the plaintiff's late motion practice and the subsequent discovery as ordered by the Court. Accordingly, EMG respectfully submits that in the context of the other proceedings in this action, the timing of its expert disclosure was reasonable and appropriate.

**2.      EMG's Expert Disclosure Was In Compliance With Rule 26.**

Plaintiff's arguments regarding the adequacy of the qualifications of its named expert, Mr. James Kirby of Commercial Construction Consulting, Inc., are disingenuous. The expert report is as detailed as the disclosure provided by the plaintiff. It contains a detailed summary of the facts and opinions of the expert, and identifies documents the materials relied upon in reaching the conclusions offered. With regard to Mr. Kirby's credentials, as the disclosure itself indicates, a copy of Mr. Kirby's resume was intended to be attached. Apparently, that attachment was inadvertently not included with the copy of the report sent to plaintiff's counsel.

---

[1]      EMG acknowledges that its disclosure was not provided prior to an earlier schedule trial date. However, as discussed herein, such trial date was set before the 6 month delay in the proceedings based on the plaintiff's late filed motion to amend to add new parties.

958045v1

Assuming that to be the case, such could easily have been remedied by a single telephone call or e-mail. No such effort was made by plaintiff's counsel. Instead, counsel for EMG was first notified of the oversight a month later by plaintiff's motion.

But even more misleading to this Court is the implication given by plaintiff's counsel that she had to "research" Mr. Kirby on the Massachusetts government web-site to determine his credentials. To the contrary, plaintiff's counsel was well versed with Mr. Kirby and his firm. In fact, as the resume of Mr. Kirby confirms, Mr. Kirby and his firm were previously retained as an expert witness on engineering issues **by the very counsel submitting the plaintiff's motion**, Lauren Timoney Upton, in the matter of Tage Inn Corporation v. JSA Inc., Middlesex Superior Court, Civil Action No. 2001-00378. **Exhibit B**. And, as Mr. Kirby's CV demonstrates, he and his firm have extensive experience in the area of property due diligence evaluations, which is the only service the defendant performed for the plaintiff, and is the only issue in this litigation.[2]

As the reason for "delay" in the expert disclosure was both justified (to allow completion of discovery) and not the fault of the defendant (but rather the result of the plaintiffs' late filed motion to amend), EMG respectfully requests that the plaintiff's motion be denied.

Respectfully submitted,

ENVIRONMENTAL MANAGEMENT
GROUP, INC. d/b/a EMG
By its Attorneys,
MORRISON MAHONEY LLP

/s/sbolotin
Steven J. Bolotin, BBO#564085
250 Summer Street
Boston, MA  02210
(617) 439-7500

---

[2]     The absence of reference to publications in Mr. Kirby's CV is intentional as Mr. Kirby does not have any publications.

958045v1

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 28, 2006.

/s/sbolotin_____

Steven J. Bolotin

958045v1