UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP, <br><br> Plaintiffs, <br><br> v. <br><br> ENVIRONMENTAL MANAGEMENT GROUP, INC. d/b/a EMG, <br><br> Defendant. | Leave to File Granted on 10/11/2006 <br><br> DOCKET NO. 04-11411-NMG |

**PLAINTIFFS' REPLY IN RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXPERT REPORT AND TO PRECLUDE EXPERT TESTIMONY AT TRIAL**

Plaintiffs Berwind Property Group, Inc. and Newton Investors Limited Partnership (collectively, "Berwind") have filed a Motion to Strike the Expert Report of Defendant Environmental Management Group d/b/a EMG ("EMG"),[1] and to preclude EMG from introducing any expert testimony at trial, and EMG has filed an Opposition to same. In order to correct erroneous statements of both law and fact made by EMG in its Opposition, Berwind hereby respectfully submits this brief Reply.

**ARGUMENT**

I. **EMG Has Failed to Establish, And Cannot Establish, Any Reasonable Justification for Its Failure to Timely Disclose Its Expert to Berwind.**

---

[1] To Berwind's knowledge, EMG has not yet filed a copy of its purported expert report with the Court. Berwind anticipates that EMG may, however, seek to file its expert report with the Court in connection with its pending Motion for Partial Summary Judgment or otherwise. In the event that this turns out to be the case, Berwind would ask that the Court strike the purported "expert report" when proffered/filed by EMG.

EMG argues that, because Berwind filed a Motion to Amend the Complaint in June of 2005, EMG is entitled at this late date, some <u>fourteen</u> <u>months</u> after the Court's June 2005 deadline and after two scheduled trial dates, to disclose a purported expert who will testify in the trial of this action. This argument is premised on three equally erroneous contentions: (1) that Berwind's filing of a Motion to Amend the Complaint on or about June 9, 2005, four days <u>after</u> the Court-imposed deadline for EMG to disclose its expert and the expert's opinion, somehow tolled the deadline by which EMG was required to disclose its expert; (2) that EMG could not disclose its expert and his opinion until it had concluded its Rule 30(b)(6) deposition of Berwind and taken the deposition of Berwind's expert, which discovery it chose to stay pending ruling on Berwind's Motion;[2] and/or (3) that EMG could not disclose its expert and his opinion until Berwind had taken the deposition of Mr. Matt Dillis, a former EMG employee. Each contention is wholly without merit.

As an initial matter, Berwind's first contention is simply unsupported by the facts. Pursuant to the Court's Scheduling Order, EMG was to designate its expert(s) and disclose the information contemplated by Fed. R. Civ. P. 26 (a)(2)(B) <u>by</u> <u>no</u> <u>later</u> <u>than</u> June 5, 2005. Berwind did not file its Motion to Amend the Complaint until June 9, 2005. Accordingly, by the time Berwind filed its Motion, EMG has already missed the deadline for disclosing its expert(s). There simply is no correlation between Berwind's filing of the Motion to Amend the Complaint and EMG's failure to timely disclose its expert as required by the Rules and by the Court's order.

EMG's next contention, that it could not disclose its expert and his opinion until after EMG had concluded Berwind's Rule 30(b)(6) deposition and taken the deposition of Berwind's

---

[2] EMG does not appear to contend that it could not disclose its expert until such time as the Court ruled on Berwind's Motion on the grounds that the Court's ruling might affect the expert's opinion, nor could it reasonably make such an argument. Berwind's Amended Complaint did not introduce any new theory of liability, but only sought to add individual defendants. Even assuming, *arguendo*, that Berwind's Motion to Amend had been allowed, there should have been no change to the expert's opinion as to the adequacy of the services provided by EMG or the individual defendants.

expert, is also specious. Prior to June 5, 2005, Berwind Property Group, Inc. ("BPG") had provided EMG's counsel with its Answers to EMG's First Set of Interrogatories. This 23-page document described, in full and complete detail, BPG's knowledge and information as to the basis for the present action. Similarly, Plaintiff Newton Investors Limited Partnership ("NILP") had provided EMG's counsel with its Answers to EMG's First Set of Interrogatories. This 22-page document also described, in full and complete detail, NILP's knowledge and information as to the basis for the present action. In addition, Berwind provided EMG with it Rule 26(a)(2) disclosure on May 20, 2005, in which Berwind's expert set forth, in detail, the basis for his opinion. Moreover, EMG had all of the information, or the ability to obtain the information, that it needed to provide to an expert within its own possession, custody, or control: the Contract; the individual who performed the evaluation; the individual who certified the evaluation; and, if necessary, the ability to contact the former employee who did in-take on the Project. There simply was no information that might be obtained from Berwind's Rule 30(b)(6) witness or Berwind's expert witness that was necessary for the formation of EMG's expert's opinion (as confirmed by the fact that EMG's newly proferred expert report was prepared without the benefit of these depositions).

Finally, EMG contends that it could not disclose its expert until such time as Mr. Dillis' deposition was taken. This contention, while like the others in being misleading, is also absurd. Had EMG believed that it needed information from Mr. Dillis to provide to its expert in order for the expert to opine on the quality of EMG's work, EMG could simply have contacted Mr. Dillis as counsel for Berwind did – by picking up the telephone.

As the foregoing demonstrates, EMG failed and refused, without justification, to provide its expert report until after the close of discovery. By doing so, EMG has attempted to reserve

for itself the right to introduce expert opinion at trial without Berwind's having had the opportunity to test the bases for those opinions. EMG's attempts to shirk its discovery obligations, by failing to disclose the existence of its expert and the substance of that expert's expected opinions, and his bases therefore, until after the close of discovery, is a clear violation of the letter, and the spirit, of the discovery rules, and is unfair and prejudicial to Berwind, which has prepared for trial without the benefit of expert witness disclosure by EMG. EMG should not allowed to benefit from its dilatory actions. Accordingly, Berwind's motion for relief should be granted.

## II.   EMG HAS FAILED TO DEMONSTRATE THAT ITS PROFFERED EXPERT IS QUALIFIED TO TESTIFY AS AN EXPERT IN THIS MATTER.

Even assuming, *arguendo*, that EMG had not unjustifiably delayed in disclosing its expert and his report, the report must still be stricken and Mr. Kirby precluded from testifying because EMG as failed to demonstrate that Mr. Kirby is qualified to testify as an expert in this matter. EMG argues that, because counsel for Berwind once retained Mr. Kirby[3] to assist in the representation of an owner in a suit against an architect for certain errors and omissions in the architect's design, Berwind's counsel has somehow imbued Mr. Kirby with the qualifications necessary to appear as an expert at trial in the present action. EMG's argument, however, is flawed on multiple grounds.

As an initial matter, Berwind's counsel advised an unrelated client of Hinckley, Allen & Snyder LLP to retain Mr. Kirby's firm in preparation for mediation and not as a trial expert, to quantify the additional costs incurred by an owner of a commercial hotel in the evaluation, re-design/re-engineering, and reconstruction of certain elements of the subject hotel in order to complete or correct the defendant architect's work on the hotel as a result of the architect's

---

[3] As is discussed, *infra*, counsel did not retain Mr. Kirby, but advised a client to retain Mr. Kirby's firm.

defective design specifications. See Affidavit of Lauren Timoney Upton, filed herewith, at ¶ 4. As Mr. Kirby himself seems to acknowledge, in the resume submitted by EMG's counsel, two other employees of Mr. Kirby's firm were instrumental in that representation. EMG has, however, omitted the salient fact that the two other employees, Kenneth R. Wagner, Jr., P.E., and David B. Ickes, AIA, were, in fact, an engineer and an architect, respectively. See Proposal submitted by Commercial Construction Consulting, Inc. attached as Exhibit 1 to the Upton Affidavit. Accordingly, while Berwind's counsel concedes that she advised an unrelated client of Hinckley, Allen & Snyder to retain Mr. Kirby's firm to assist on a case wholly unrelated in nature to the case before the Court, counsel avers that she so advised with the knowledge that Mr. Kirby's firm could provide staff capable of providing the analysis that was necessary for that particular action, i.e. an architect and an engineer to review the design specifications of an architect. See Upton Aff. at ¶ 5.

Moreover, even assuming, *arguendo*, that "[Mr. Kirby] and his firm have extensive experience in the area of property due diligence evaluations," as EMG argues, EMG has utterly failed to demonstrate what, if any, relevant experience Mr. Kirby has. Whether or not "Mr. Kirby's firm" has extensive experience is irrelevant; EMG is seeking to qualify Mr. Kirby as an expert, not his firm. "The crucial issue," in determining whether a witness is qualified to give an expert opinion, "is whether the witness has sufficient 'education, training, experience and familiarity' with the subject matter of the testimony." McLaughlin v. Board of Selectman of the Town of Amherst, 422 Mass. 359, 361-62 (1996), quoting Letch v. Daniels, 401 Mass. 65, 68 (1987). Cf. DaSilva v. American Brands, Inc., 845 F.2d 356 (1st Cir. 1988)(in wrongful death action against a manufacturer, the Court found that testifying engineer was qualified as an expert because he had had twenty-three years of experience as an engineer; he was familiar with

fundamental engineering principles of machine design; he had extensive experience evaluating and recommending safety devices for machines, and he was familiar from prior experience with the operation of the machine at issue). EMG has failed to demonstrate that Mr. Kirby has the unique knowledge and quality of opinion that is the hallmark of an expert witness.

As previously noted, Mr. Kirby is neither a licensed engineer in Massachusetts, nor a licensed construction supervisor in Massachusetts. While Mr. Kirby states in his report, in conclusory fashion, that he "conducts due diligence property inspections . . . and is familiar with the applicable standards and practices of due diligence firms in Massachusetts . . .," nothing in his resume nor in his report supports this conclusory statement or describes, with particularity, what training or experience, if any, Mr. Kirby may possess that would provide support for his opinions. The mere fact that Mr. Kirby's firm assisted Berwind's counsel in quantifying an owner's damages in preparation for mediation in an action concerning an architect's errors and omissions, and that he "was retained by [unrelated counsel] to represent [a] condominium association in their claim against [a] developer relating to deficient HVAC systems" -- the only specific experience identified in the Kirby disclosure -- simply does not demonstrate any basis for Kirby to proffer an expert opinion as to whether EMG performed the property condition evaluation of the subject property in accordance with industry-accepted due diligence practice and using that degree of care and skill ordinarily exercised under similar conditions by reputable members of EMG's profession practicing in the same or similar locality at the time of service.

Simply put, there is nothing in the resume provided by Mr. Kirby and EMG's counsel that demonstrates that Mr. Kirby has any experience in the area of property condition evaluations, or in the evaluation of the structure of a reinforced concrete garage. Accordingly, EMG's failure to demonstrate that Mr. Kirby has the specialized experience and education in the

field of property condition evaluations, compounded by EMG's failure to identify Mr. Kirby in May 2005, as ordered by the Court, precludes EMG's proffer of Mr. Kirby as a trial expert in this action at this late date.

## CONCLUSION

By serving its non-conforming "expert report" over one year after the deadline for such submission, and after the close of discovery, EMG has utterly failed to satisfy its obligation to comply with Rules 26(a)(2)(B)(b) and 26(b)(4) of the Federal Rules of Civil Procedure, the Court's Scheduling Order, and the Court's Order of July 10, 2006. Moreover, EMG has offered no valid justification for its failure to produce its Rule 26(a)(2) disclosure within the time specified by the Court. In the event that the requested relief is not granted, Berwind would be severely prejudiced at the trial of this matter where, as here, the proposed "expert report" is replete with irrelevant and unsubstantiated factual assertions, as well as unsubstantiated and unfounded conclusions of law. Given EMG's failure to produce an expert report in a timely manner; given EMG's failure to justify its failure to timely provide an expert report; given EMG's failure to establish its proposed expert's qualifications; and given the substantial prejudice that would be suffered by Berwind in the event that the requested relief is not granted, EMG should not be permitted to benefit from its dilatory actions. EMG simply should not be permitted to present expert testimony at this late date. See Norris v. Murphy, 2003 WL 21488640 (D.Mass.)("[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a)(2) was either justified or harmless.") quoting Salgado v. General Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998)(emphasis added). Accordingly,

Berwind respectfully requests that the Court enter an Order striking EMG's expert report, and further precluding EMG from offering expert testimony at the trial of this action.

Respectfully submitted,

**BERWIND PROPERTY GROUP, INC. and NEWTON INVESTORS LIMITED PARTNERSHIP**

By their attorneys,

/s/ Lauren Timoney Upton
_____
Eric F. Eisenberg, Esq.
BBO No. 544682
Lauren Timoney Upton, Esq.
BBO No. 565122
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000

### CERTIFICATE OF SERVICE

I, Lauren Timoney Upton, hereby certify that on this 12th day of October 2006, I served a true and accurate copy of the foregoing upon counsel for Defendant Environmental Management Group, Inc. d/b/a EMG.

/s/ Lauren Timoney Upton
_____